# Exhibit B-7

CERTIFIED MAIL

U.S. POSTAGE PITNEY BOWES

ZIP 76208 $ 012.10[0]
02 4W
0000357553 NOV 20 2020

'ID TRANTHAM
ITON COUNTY DISTRICT CLERK
3OX 2146
ITON, TX 76202-2146



9269 3901 0661 5400 0156 8038 84

TURN RECEIPT (ELECTRONIC)

Received
NOV 2 3 2020
Office of President

9524-442

RESTRICTED DELIVERY

RESTRICTED DELIVERY

AL SMATRESK,PRESIDENT OF THE UNIVERSITY OF
RTH TEXAS
FICE OF THE PRESIDENT
55 UNION CIR # 311277
NTON, TX 76203-5017

DAVID TRANTHAM
DENTON COUNTY DISTRICT CLERK
PO BOX 2146
DENTON, TX 76202-2146



9269 3901 0661 5400 0156 8038 84

**RETURN RECEIPT (ELECTRONIC)**

**20-9524-442**

RESTRICTED DELIVERY

RESTRICTED DELIVERY

NEAL SMATRESK,PRESIDENT OF THE UNIVERSITY OF NORTH TEXAS
OFFICE OF THE PRESIDENT
1155 UNION CIR # 311277
**DENTON, TX 76203-5017**

CUT / FOLD HERE

Zone 1

6"X9" ENVELOPE
CUT / FOLD HERE

CUT / FOLD HERE

Received
NOV 2 3 2020
Office of President

**CITATION BY CERTIFIED MAIL**

THE STATE OF TEXAS COUNTY OF DENTON

CAUSE NO. 20-9524-442

**TO: Neal Smatresk, President of The University of North Texas, Office of the President, 1155 Union Circle, #311277, Denton, TX 76203-5017 (or wherever he/she may be found)**

Notice to defendant: You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the first Monday following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. The nature of the suit is fully shown by a true and correct copy of the Original Petition and Request for Disclosure accompanying this citation and made a part hereof.

| | |
|---|---|
| Court: | 442nd Judicial District Court<br>1450 E, McKinney, 4th Floor, Denton, TX 76209 |
| Cause No.: | 20-9524-442 |
| Date of Filing: | 11/16/2020 |
| Document: | Original Petition and Request for Disclosure |
| Parties in Suit: | Young Conservatives of Texas Foundation; The University of North Texas; The University of North Texas System; Neal Smatresk; Shannon Goodman; Attorney General Of Texas |
| Clerk: | David Trantham, District Clerk<br>1450 E. McKinney, Suite 1200, Denton, TX 76209 |
| Party or Party's Attorney: | Robert Henneke<br>901 Congress Avenue, Austin, TX 78701 |

Issued under my hand and seal of this said court on this the 19th day of November, 2020

David Trantham, District Clerk
Denton, Denton County, Texas

BY: Kathie Tipping, Deputy
Kathie Tipping

DISTRICT COURT ★ COUNTY OF DENTON, TEXAS

FILED: 11/16/2020 1:19 PM
David Trantham
Denton County District Clerk
By: Raquel Gonzalez, Deputy

**CAUSE NO. 20-9524-442**

| | | |
|---|---|---|
| **YOUNG CONSERVATIVES OF TEXAS FOUNDATION** *Plaintiff,* | § | **IN THE DISTRICT COURT OF** |
| v. | § | |
| **THE UNIVERSITY OF NORTH TEXAS, THE UNIVERSITY OF NORTH TEXAS SYSTEM, NEAL SMATRESK, PRESIDENT OF THE UNIVERSITY OF NORTH TEXAS, and SHANNON GOODMAN, VICE PRESIDENT FOR ENROLLMENT OF THE UNIVERSITY OF NORTH TEXAS** | § | **DENTON COUNTY, TEXAS** |
| *Defendants.* | § | **_______ JUDICIAL DISTRICT** |

**ORIGINAL PETITION AND REQUEST FOR DISCLOSURE**

Young Conservatives of Texas Foundation (hereinafter "YCT" or "Plaintiff") files this Original Petition and Request for Disclosure against Defendants the University of North Texas ("UNT"), the UNT System, Neal Smatresk in his official capacity as the President of UNT, and Shannon Goodman in his official capacity as the President for Enrollment of UNT (hereinafter collectively the "Defendants"), and in support would show the Court as follows:

## I. EXECUTIVE SUMMARY

YCT challenges the constitutionality of a state statute that compels United States citizens to pay a higher rate of tuition than some aliens that are not lawfully present in the United States. Federal law provides that all citizens must have access to at least the same level of educational benefits as such aliens. Because this state's statute directly conflicts with federal law, it is preempted by, and thus unconstitutional under, the Supremacy Clause of the United States Constitution.

Federal law only allows "an alien who is not lawfully present in the United States" to qualify for in-state tuition (also referred to as "resident tuition") on the basis of residence within the state if that same tuition rate is made available to United States citizens without regard to whether they are state residents. 8 U.S.C. § 1623(a). Texas law specifically allows an alien who is not lawfully present in the United States to qualify for in-state tuition based on residence within the state. *See* Tex. Educ. Code § 54.052(a)(3). Accordingly, federal law mandates that in-state tuition be made available to any United States citizen attending a Texas public university, regardless of whether that citizen is a state resident. 8 U.S.C. § 1623(a). However, Tex. Educ. Code § 54.051(d) explicitly denies resident tuition rates to United States citizens that do not qualify as Texas residents. Tex. Educ. Code § 54.051(d) is therefore preempted by federal law and thus unconstitutional.

## II. DISCOVERY CONTROL PLAN

Plaintiff intends to conduct Level 2 discovery under Rule 190 of the Texas Rules of Civil Procedure.

## III. PARTIES

### A. PLAINTIFF

***Young Conservatives of Texas Foundation***

1. Plaintiff Young Conservatives of Texas Foundation ("YCT") is a non-partisan youth organization that has been committed to advancing conservative values for more than a quarter century. In service of this core purpose, YCT's efforts to shape public policy in Texas have included educating students and the public, advocating conservative fiscal and social policies, campus activism, and rating members of the Texas legislature. YCT has repeatedly taken stands on issues of higher education as part of these efforts, including advocating for the elimination of

wasteful spending as a means of lowering tuition, mounting a conservative opposition to tuition deregulation, and opposing the disparate treatment of students with regard to tuition rates. Thus, advocacy for higher education reform is germane to YCT's core purpose of advancing conservative values. Further, denying resident tuition rates to United States citizens has perceptibly impaired YCT's ability to advance this purpose by draining organizational resources that would otherwise be spent advocating in other policy areas. YCT membership includes United States citizens that are students at UNT and that are directly harmed by being required by Tex. Educ. Code § 54.051(d) to pay nonresident tuition rates in direct contradiction to federal law. While these members would otherwise have standing to sue in their own right, neither the claim asserted, nor the relief requested, requires their individual participation in this lawsuit.

**B. DEFENDANTS**

2. Defendant UNT is a Texas state public university located in Denton County, Texas. Defendant UNT may be served by serving its President Neal Smatresk at the Office of the President, 1155 Union Circle #311277, Denton, Texas 76203-5017.

3. Defendant the UNT System is a network of higher education located in Dallas, Texas, and includes the University of North Texas, University of North Texas Health Science Center, University of North Texas at Dallas, and University of North Texas at Dallas College of Law. Defendant the UNT System may be served by serving Chancellor Lesa Roe at the UNT System Building, 1901 Main Street, Dallas, Texas 75201.

4. Defendant Neal Smatresk, the President of UNT, is sued in his official capacity only and may be served at the Office of the President, 1155 Union Circle #311277, Denton, Texas 76203-5017. On information and belief, Defendant Neal Smatresk possesses the ultimate responsibility for administering all university policies and procedures.

5. Defendant Shannon Goodman, the President for Enrollment of UNT, is sued in his official capacity only and may be served at the Division of Enrollment, Eagle Student Services Center, 1155 Union Circle #311481, Denton, Texas 76203. On information and belief, Defendant Shannon Goodman is responsible for determining resident status for tuition purposes.

6. Although not a party to this suit, service of process will also be performed on the Attorney General of Texas, as mandated by the Texas Education Code. *See* Tex. Educ. Code § 105.151(e). The Attorney General may be served at the Office of the Attorney General, 300 W. 15th Street, Austin, TX 78701.

## IV. JURISDICTION AND VENUE

7. Jurisdiction is proper in this Court pursuant to Article V, Section 1 of the Texas Constitution and Section 24.008 of the Texas Government Code. This Court has subject matter jurisdiction pursuant to the Uniform Declaratory Judgments Act, Tex. Civ. Prac. & Rem. Code Ann. §§ 37.001 et seq., because Plaintiff's rights, legal status, and other legal relations are affected by a statute that is constitutionally invalid. This Court has jurisdiction over the requested injunctive relief pursuant to Tex. Civ. Prac. & Rem. Code Ann. §§ 37.011 and 65.011.

8. Venue is appropriate in Denton County pursuant to Tex. Educ. Code § 105.151(a), which provides that "[v]enue for a suit filed against the system, the board, the University of North Texas, or officers or employees of the University of North Texas is in Denton County."

## V. STATEMENT OF FACTS

***Legal Background***

9. The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (hereinafter "IIRIRA") was enacted by the 104th United States Congress on September 30, 1996.

*See* Omnibus Consolidated Appropriations Act, Pub. L. No. 104-208, Div C, Title V, Subtitle A, § 505, 110 Stat. 3009-672 (1996).

10. Included in IIRIRA is 8 U.S.C. § 1623(a), which provides that:

> Notwithstanding any other provision of law, an alien who is not lawfully present in the United States shall not be eligible on the basis of residence within a State (or a political subdivision) for any postsecondary education benefit *unless a citizen or national of the United States is eligible for such a benefit (in no less an amount, duration, and scope) without regard to whether the citizen or national is such a resident.* (emphasis added)

11. However, the Texas Education Code allows aliens who are not lawfully present in the United States to be eligible for resident tuition, while denying that same benefit to United States citizens from outside of Texas. *See* Tex. Educ. Code §§ 54.051(m) and 54.052.

12. Tex. Educ. Code § 54.052(a)(3) provides that aliens who are not lawfully present in the United States "are considered residents of this state for purposes of this title"—and thus qualify to pay resident tuition—if they meet three specific criteria.

13. The tuition rate for an alien not lawfully present in the United States that meets these three criteria is the same as other Texas residents—$50 per semester credit hour. Tex. Educ. Code § 54.051(c).

14. By contrast, "tuition for a nonresident student at a general academic teaching institution . . . is an amount per semester credit hour equal to the average of the nonresident undergraduate tuition charged to a resident of this state at a public state university in each of the five most populous states other than this state." Tex. Educ. Code § 54.051(d). This tuition amount is substantially higher than the resident tuition paid by an alien who is not lawfully present in the United States.

15. The Texas Education Code mandates that the governing board for each institution of higher education "shall cause to be collected from students registering at the institution tuition or registration fees" at these prescribed rates. Tex. Educ. Code § 54.051(b).

***Factual Background***

16. Some YCT members, including those that attend UNT, are United States citizens that are attending Texas public universities and being charged nonresident tuition because they do not qualify as resident students.

17. Nonresident tuition is typically much more expensive than resident tuition. For example, UNT's website currently states that the average annual cost of attendance for an undergraduate student that qualifies as a Texas resident is $25,680, while the cost for out-of-state students is $38,340. *See Tuition, Costs & Aid*, https://admissions.unt.edu/tuition-costs-aid (last visited Nov. 13, 2020).

18. These higher payments constitute injuries that are a direct result of Defendants' actions applying Section 54.051(d) of the Texas Education Code and would be redressed by this Court declaring that provision to violate the Supremacy Clause of the United States Constitution and enjoining its further application.

19. Plaintiff also seeks to protect its organizational interests in advancing the principles of constitutional governance, lowering tuition costs, and expanding access to the American dream for United States citizens, all of which are germane to the organization's purpose.

20. Defendants have frustrated Plaintiff's efforts to combat the requirement for certain United States citizens to pay more in tuition than resident aliens who are not lawfully present in the United States by continuing to charge the former group higher tuition based on the formula set out in Section 54.051(d) of the Texas Education Code.

21. Defendants' impairment of Plaintiff's organizational efforts to combat the requirement for certain United States citizens to pay more in tuition than resident aliens who are not lawfully present in the United States has resulted in a drain on the organization's resources.

22. Plaintiff's efforts to combat the requirement for certain United States citizens to pay more in tuition than resident aliens who are not lawfully present in the United States impose a unique injury on Plaintiff that is distinct from injuries suffered by the general public.

## VI. CAUSE OF ACTION

### A. COUNT ONE: DECLARATION THAT TEXAS EDUCATION CODE SECTION 54.051(D) IS PREEMPTED BY SECTION 1623(A) OF IIRIRA AND IS THEREFORE UNCONSTITUIONAL.

23. The preceding paragraphs are realleged and incorporated by reference.

24. The Supremacy Clause of the United States Constitution provides that "the Laws of the United States which shall be made in Pursuance" of the Constitution "shall be the supreme Law of the Land," notwithstanding the "Laws of any State to the Contrary." U.S. Const. art. VI, cl. 2.

25. IIRIRA only allows aliens who are not lawfully present in the United States to qualify to pay in-state tuition based on state residency if all students that are United States citizens are also allowed to pay this same reduced rate of tuition. *See* 8 U.S.C. § 1623(a).

26. Section 54.052(a)(3) of the Texas Education Code allows aliens who are not lawfully present in the United States to qualify as Texas residents for the purpose of assessing tuition and thus to pay the lower rate of tuition specified in 54.051(c).

27. However, Section 54.051(d) is applied to United States citizens that do not qualify as resident students under Section 54.052(a), forcing such students to pay higher nonresident tuition.

28. State law requires the governing board for each institution of higher education to collect out-of-state tuition from United States citizens that attend Texas public universities but do not qualify as Texas residents. Tex. Educ. Code § 54.051(b).

29. The legal requirements placed on members of governing boards for institutions of higher education by Texas state law and federal law are directly in conflict with one another with regard to the proper rate of tuition that should be charged to United States citizens that do not qualify as Texas residents.

30. Because the postsecondary education benefit of qualifying for resident tuition has been extended to aliens who are not lawfully present in the United States, the denial of this benefit to United States citizens on the basis of residency violates the Supremacy Clause and is thus invalid.

31. As part of their official duties, Defendants Smatresk and Goodman apply, administer, or oversee the requirements of Section 54.051 by imposing nonresident tuition on United States citizens.

32. Because Section 54.051(d) is preempted by IIRIRA, university officials, including Defendants, have acted and continue to act without legal authority by imposing nonresident tuition on United States citizens.

33. Plaintiff is affected by Section 54.051(d) because Plaintiff's members include United States citizens unlawfully required to pay nonresident tuition by Defendants under Section 54.051(d).

34. For these reasons, pursuant to Texas's Uniform Declaratory Judgments Act, Plaintiff requests that this Court enter a judgment declaring that Section 54.051(d) of the Texas

Education Code, as applied to United States citizens, is unconstitutional because it is preempted by federal law, invalid, and of no force or effect.

35. Pursuant to Texas's Uniform Declaratory Judgments Act, Plaintiff further requests that this Court enter a judgment declaring that any determination by Defendant Smatresk, Defendant Goodman, or any agent, administrator, employee, or other person acting on behalf of Defendants, interpreting or applying Section 54.051(d) to require United States citizens to pay nonresident tuition, is without legal authority, invalid, and of no force or effect.

## VII. APPLICATION FOR PERMANENT INJUNCTION

36. The preceding paragraphs are realleged and incorporated by reference.

37. An injunction must issue where a party is acting contrary to law.

38. Application of Section 54.051(d) to United States citizens is preempted by IIRIRA.

39. The requirement to pay nonresident tuition under Section 54.051(d) inflicts imminent, irreparable harm on Plaintiff.

40. The relief sought requires the restraint of an act by Defendants that would be prejudicial to Plaintiff.

41. Plaintiff will continue to divert scarce resources and incur expenses as a result of Defendants' continued application of Section 54.051(d) to United States citizens.

42. Mere monetary damages would not prevent future harm to United States citizens that would continue to be charged tuition rates in excess of what is allowed under federal law.

43. Plaintiff lacks any other adequate remedy at law.

44. Therefore, pursuant to Tex. Civ. Prac. & Rem. Code §§ 37.011 and 65.011, Plaintiff respectfully requests that this Court, following a decision on the merits, issue permanent injunctions against Defendants, as well as any and all agents, administrators, employees, and other

persons acting on behalf of Defendants, enjoining the application of Section 54.051(d) of the Texas Education Code to United States citizens.

## VIII. ATTORNEYS' FEES

45. Under the Uniform Declaratory Judgments Act, Tex. Civ. Prac. & Rem. Code Ann. § 37.009, Plaintiff is entitled to recover "costs and reasonable and necessary attorney's fees as are equitable and just."

46. Plaintiff seeks an award of its reasonable attorneys' fees for the preparation of this suit, prosecution of this suit, and all appeals.

## IX. REQUEST FOR DISCLOSURE

47. Plaintiff requests that Defendants disclose the information and materials described in Rule 194.2 of the Texas Rules of Civil Procedure.

## X. PRAYER AND CONCLUSION

**THEREFORE**, Plaintiff requests this Court issue the following relief:

i. A declaration that Section 54.051(d) of the Texas Education Code, as applied to United States citizens, is unconstitutional because it is preempted by federal law, invalid, and of no force or effect;

ii. A declaration that the legal determinations and resulting actions taken by Defendant Smatresk or Defendant Goodman in charging nonresident tuition to United States citizens were incompatible with federal law and thus without legal authority, invalid, and of no force or effect;

iii. An injunction against Defendants, as well as any and all agents, administrators, employees, and other persons acting on behalf of Defendants, enjoining the application of Section 54.051(d) of the Texas Education Code to United States citizens;

iv. An award to Plaintiff of its attorneys' fees and reasonable costs; and

v. All other and further relief that this Court may deem proper in law or equity.

Respectfully submitted,

ROBERT HENNEKE
Texas Bar No. 24046058
rhenneke@texaspolicy.com
CHANCE WELDON
Texas Bar No. 24076767
cweldon@texaspolicy.com
JOSEPH AARON BARNES, SR.
Texas Bar No. 24099014
abarnes@texaspolicy.com
TEXAS PUBLIC POLICY FOUNDATION
901 Congress Avenue
Austin, Texas 78701
Telephone: (512) 472-2700
Facsimile: (512) 472-2728

*Attorneys for Plaintiff*