**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| YOUNG CONSERVATIVES OF TEXAS FOUNDATION §<br>*Plaintiff*, §<br>§<br>v. §<br>§<br>THE UNIVERSITY OF NORTH TEXAS, THE §<br>UNIVERSITY OF NORTH TEXAS SYSTEM, §<br>NEAL SMATRESK, PRESIDENT OF THE §<br>UNIVERSITY OF NORTH TEXAS and §<br>SHANNON GOODMAN, VICE PRESIDENT §<br>FOR ENROLLMENT OF THE UNIVERSITY §<br>OF NORTH TEXAS; §<br>*Defendants*. § | CIVIL ACTION NO. 4:20-CV-973<br><br>JUDGE SEAN D. JORDAN |

**PLAINTIFF'S MOTION TO REMAND**

TO THE HONORABLE SEAN D. JORDAN:

Plaintiff Young Conservatives of Texas Foundation ("Plaintiff" or "YCT") seeks to remand this action to state court. This Court both lacks original jurisdiction and should decline to exercise supplemental jurisdiction. Thus, remanding this case to a state court that does have jurisdiction presents a far superior alternative to the outright dismissal requested elsewhere by Defendants. *See* Dkt. 7.

**STANDARD OF REVIEW**

While a civil case brought in state court may be removed to federal district if the case could have been brought there originally, 28 U.S.C. § 1441, "the case shall be remanded" if the federal court lacks jurisdiction, § 1447(c). When faced with a motion to remand, the removing party "bears the burden of showing that federal jurisdiction exists and that removal was proper." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013). Thus, "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Vantage Drilling Co. v. Su*,

741 F.3d 535, 537 (5th Cir. 2014) (internal quotation marks omitted). This includes both "[c]onstruing the jurisdictional statutes narrowly in favor of remand and resolving any ambiguity in fact or state law in favor of remand." *African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 795 (5th Cir. 2014). In most circumstances, "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." *See* 28 U.S.C. § 1447(d).

## ARGUMENT AND AUTHORITIES

In their Motion to Dismiss, Defendants proclaim that "this Court lacks subject-matter jurisdiction to hear" Plaintiff's claims. Dkt. 7, p. 10. Plaintiff agrees with that conclusion, although for much different reasons than those asserted by Defendants. In particular, Plaintiff disputes Defendants' unsupported assertions that this Court possesses "original jurisdiction over Plaintiff's claims arising under the IIRIRA pursuant to 28 U.S.C. § 1331," Dkt. 1, ¶ 5, as well as "supplemental jurisdiction over [Plaintiff's] state law claims under 28 U.S.C. § 1367," Dkt. 1, ¶ 6. However, Plaintiff's single state law claim does not "arise under" federal law, nor is supplemental jurisdiction even relevant in a case that does not feature multiple claims. And even if this Court were to treat Plaintiff's suit as raising more than one claim, it should exercise its discretion to decline to exercise supplemental jurisdiction in this case. In either instance, the proper course for this Court to take would be to remand the case to state district court.

First, this Court does not possess original jurisdiction to hear this case. "Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). As a result, in most circumstances, "a district court has no business deciding issues of state law." *See Hagans v. Lavine*, 415 U.S. 528, 552 (1974). Federal court jurisdiction is limited not only by the Constitution, but by statute as well. As relevant here, Section 1331 provides that "district courts shall have

original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. However, while "Section 1331 executes Article III, § 2, of the Constitution, which grants the federal courts the power to hear cases 'arising under' the Constitution and federal statutes," the phrase "arising under" "does not have the same meaning in these different contexts." *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988). Indeed, the phrase's meaning in Section 1331 is "more limited" than its use in the constitutional context. *Id*. While the constitutional test provides that "the case arises under federal law whenever a federal question is an 'ingredient' of the cause of action," *id*., "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction" under Section 1331," *Singh v. Duane Morris LLP*, 538 F.3d 334, 338 (5th Cir. 2008).

Under Section 1331, a case "arises under" federal law in one of two ways. The first and most direct situation is "when federal law creates the cause of action asserted." *Gunn v. Minton*, 568 U.S. 251, 257 (2013). However, despite Defendants' repeated arguments to the contrary, Plaintiff here did not rely on any federal cause of action, instead utilizing the state cause of action provided by the UDJA to bring suit in state court. Thus, this case does not implicate the "arising under" category that "accounts for the vast bulk of suits that arise under federal law." *See id*.

However, there is also a "less frequently encountered[] variety of federal 'arising under' jurisdiction . . . over state-law claims that implicate significant federal issues." *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). This second variety constitutes a "special and small category" of cases that a district court may only decide if the federal issue is: "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn*, 568 U.S. at 258. Whatever the application of the first three elements to the instant case, the fourth element

3

certainly counsels against the establishment of original jurisdiction in this case. In Congress's passage of Section 1623 of the Illegal Immigration Reform and Immigrant Responsibility Act, there is simply no reason to suppose that it meant to eliminate a <u>state</u> cause of action to sue <u>state</u> entities in <u>state</u> court for a declaration regarding the validity of a <u>state</u> law.

Defendants have also invoked this Court's supplemental jurisdiction. *See* Dkt. 1, ¶ 6. However, this case has always involved only a single state law claim, and thus supplemental jurisdiction does not apply. *See* 28 U.S.C. § 1367(a) (limiting a district court's supplemental jurisdiction to "all ***other*** claims that are . . . related to claims in the action within [the court's] ***original jurisdiction***" (emphasis added)). Furthermore, even if this Court were inclined to somehow treat Plaintiff's suit as raising more than one claim, it should exercise its discretion to decline to exercise its supplemental jurisdiction.

While **s**ubsection (a) of the federal supplemental jurisdiction statute gives federal district courts the power to hear some state law claims, courts retain the discretion to decline to exercise that power under Section 1367(c). *See Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 742 (11th Cir. 2006) (recognizing the "dichotomy between a district court's power to exercise supplemental jurisdiction, § 1367(a), and its discretion not to exercise such jurisdiction, § 1367(c)"). Section 1367(c) lays out four instances in which the district court may decline to exercise supplemental jurisdiction, the most relevant of which is "in exceptional circumstances, [when] there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c)(4).[1] This case clearly falls within that "catchall" provision for declining supplemental jurisdiction. *See*

---

[1] However, this is not to foreclose the application of the first reason for declining to exercise supplemental jurisdiction. To the extent that Defendants are likely to argue that the state UDJA does not provide an independent cause of action, such an issue would constitute "a novel or complex issue of State law," particularly if this Court finds that it is foreclosed by precedent from applying the state's UDJA. *See* 28 U.S.C. § 1367(c)(1).

*Wolinsky v. Oak Tree Imaging, LP*, 362 B.R. 770, 780-81 (S.D. Tex. 2007) (quoting *Exec. Software N. Am. v. United States Dist. Court*, 24 F.3d 1545, 1558 (9th Cir. 1994)). In applying this provision, the factors that courts must balance are "economy, convenience, fairness, and comity." *Lindsay v. Gov't Emples. Ins. Co.*, 448 F.3d 416, 425 (D.C. Cir. 2006); *see also Wolinsky v. Oak Tree Imaging, LP*, 362 B.R. 770, 781 (S.D. Tex. 2007). Each of those factors weighs in favor of recognition that this case presents circumstances exceptional enough to decline supplemental jurisdiction.

First, this case's sole issue is best—and perhaps only—addressed in state court. If this Court found itself bound to apply the federal DJA, exercising supplemental jurisdiction in this case would only save judicial resources in the sense that dismissal would be the only remaining action for it to take. However, such as cynical interpretation of "judicial economy" should not be countenanced by this Court. Further, this is not a circumstance "where substantial judicial resources have already been committed, so that sending the case to another court will cause a substantial duplication of effort." *Cf. Graf v. Elgin, Joliet and Eastern Ry. Co.*, 790 F.2d 1341, 1347-48 (7th Cir. 1986); *see also Mendoza v. United States*, 481 F. Supp. 2d 643, 648 (W.D. Tex. 2006). Indeed, this case has been in federal court for less than 30 days, and in that time the only actions taken by either party are Plaintiff's summary judgment motion (which had already been filed in state court prior to removal), Defendants' motion to dismiss, and this response and motion for remand. At this early stage, the issue of judicial economy favors remand.

Second, while neither forum is particularly inconvenient for the parties at this stage of litigation, having the case decided in the city and county where both Plaintiff and Defendants are located is more convenient than forcing the parties to travel across the metroplex. Further, should

5

this matter be appealed, the relative locations of the relevant appellate courts—Fort Worth as opposed to New Orleans—certainly counsel in favor of litigating the matter in state court.

However, the third factor of "fairness" is by far the most relevant to the instant case. If this Court finds that no valid cause of action exists in federal court, retaining jurisdiction over the case would be inherently unfair to Plaintiff. The choice under such a finding would not be between a decision on the merits in one court and a decision on the merits in another. Instead, the only options would be judicial resolution of the merits versus dismissal predicated on Defendants cleverly gaming the system. Justice clearly militates in favor of the former.

Fourth, comity also favors remand in this case. The Supreme Court has defined "comity" as "a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." *Younger v. Harris*, 401 U.S. 37, 44 (1971). And the quintessential example of what constitutes a "conflict with the principle of comity to States" is a federal court decision that results in "the foreclosure of the state-law claims." *Randolph v. Oxmoor House, Inc.*, No. SA-01-CA-699-FB, 2002 U.S. Dist. LEXIS 26286, at *42-43 (W.D. Tex. 2002) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 352 (1988)). This is because "[t]he preclusion of valid state-law claims initially brought . . . in state court undermines the State's interest in enforcing its law" and "thus provides a potent reason for giving federal district courts discretion to remand." *Id*. Indeed, in a case where "the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns." *See Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365 (5th Cir. 1995). And where such federalism concerns are raised, "the removal statute is strictly construed and any doubt as to the

propriety of removal should be resolved in favor of remand." *Valencia v. Allstate Tex. Lloyd's*, 976 F.3d 593, 595 (5th Cir. 2020). Accordingly, whether this Court finds that it lacks original jurisdiction or declines to exercise its supplemental jurisdiction pursuant to the factors above, this case should be remanded to the state district court from whence it came.

## PRAYER AND CONCLUSION

Plaintiff respectfully requests that this Court grant Plaintiff's request for a remand to state court. This case neither "arises under" federal law nor warrants the exercise of this Court's supplemental jurisdiction. However, in the event this Court denies Plaintiff's motion, Plaintiff again urges this Court to grant its summary judgment motion. Dkt. 6.

Respectfully submitted,

*/s/Robert Henneke*
ROBERT HENNEKE
Texas Bar No. 24046058
rhenneke@texaspolicy.com
CHANCE WELDON
Texas Bar No. 24076767
cweldon@texaspolicy.com
JOSEPH AARON BARNES, SR.
Texas Bar No. 24099014
abarnes@texaspolicy.com
TEXAS PUBLIC POLICY FOUNDATION
901 Congress Avenue
Austin, Texas 78701
Telephone: (512) 472-2700
Facsimile: (512) 472-2728

*Attorneys for Plaintiff*

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(h) and (i), I certify that I have conferred via email with Sandy Gomez, attorney for Defendants and on January 22, 2021, she stated that Defendants are opposed to this motion.

>  */s/Robert Henneke*
>  ROBERT HENNEKE

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was electronically filed on January 22, 2021 with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

>  */s/Robert Henneke*
>  ROBERT HENNEKE