IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| YOUNG CONSERVATIVES OF TEXAS FOUNDATION,<br><br>*Plaintiff*,<br><br>v.<br><br>THE UNIVERSITY OF NORTH TEXAS, THE UNIVESITY OF NORTH TEXAS SYSTEM, NEAL SMATRESK, PRESIDENT OF THE UNIVERSITY OF NORTH TEXAS and SHANNON GOODMAN, VICE PRESIDENT FOR ENROLLMENT OF THE UNIVERSITY OF NORTH TEXAS,<br><br>*Defendant*. | CIVIL ACTION NO. 4:20-cv-00973 |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO REMAND

Defendants, the University of North Texas; the University of North Texas System; Neal Smatresk, President of the University of North Texas; and Shannon Goodman, Vice President for Enrollment of the University of North Texas (collectively "UNT"), respond to Plaintiff Young Conservatives of Texas Foundation's ("YCTF") Motion to Remand (Dkt. No. 12).

### STATEMENT OF ISSUES TO BE DECIDED BY THE COURT

Whether Plaintiff's claim of federal preemption should be remanded to Texas state district court for consideration.

### INTRODUCTION

Plaintiff filed this action in the 442nd District Court of Denton County, Texas on November 16, 2020. Dkt. No. 2. The UNT Defendants timely removed the case to this Court on December

HB: 4835-9612-3867.1

23, 2020, within 30 days of service. Dkt. No. 1.  Plaintiff brings a single cause of action seeking a "declaration that Texas Education Code section 54.051(D) is preempted by Section 1623(A) of [the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA")] and is therefore unconstitutional." Dkt. No. 2 at ¶¶ 23–44.

Plaintiff frames its entire Motion for Remand as though its claim is based on state-law alone.  It does not make a single mention of "preemption" in its Motion nor does it address the well-settled law that questions of federal preemption of state law belong in federal courts. *See infra*.  Plaintiff ironically attempts to argue that the state court is the better venue based on the "belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways" while also arguing that the state law, adopted by the state legislature, is preempted and unconstitutional because of a federal law.  And they are arguing this on behalf of citizens from another state—not Texans.

Because YCTF's sole theory for relief is preemption, and because all of its claims hinge on the IIRIRA's interpretation, this Court is the proper forum to adjudicate this dispute.  Further, YCTF cannot maintain its claims in state court because no justiciable controversy exists.  Thus, UNT respectfully requests the Court to deny YCTF's motion to remand.

**ARGUMENT AND AUTHORITIES**

I. **The Court should deny YCTF's Motion to Remand because its only theory for relief presents a federal question.**

YCTF's assertion that it brings solely a state law claim is misleading. YCTF brings an action for declaratory judgment on one theory: federal preemption.  A preemption claim is precisely the type of claim that arises under federal law.  This court maintains federal-question jurisdiction under 28 U.S.C. § 1331, which provides that district courts have "original jurisdiction

of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

The well-pleaded complaint rule provides that a suit "arises under" federal law when a claimant's statement of its own claim shows that it is based on federal law. *See Hernandez v. Alcatel USA Res., Inc.*, 560 F. Supp. 2d 528, 533 (E.D. Tex. 2006); *see also Bell v. Hood*, 327 U.S. 678, 681-82 (1946). Plaintiff's Original Petition could not be more clearly based on federal law. The Petition states that Plaintiff is challenging the constitutionality of a Texas law under a federal statute and the U.S. Constitution. Specifically, it contends "this state's statute directly conflicts with federal law, it is preempted by and thus unconstitutional under, the Supremacy Clause of the United States Constitution." Dkt. 2 at p. 1. Plaintiff expressly describes its single cause of action as a preemption question, "Count One: Declaration that Texas Education Code Section 54.051(D) is Preempted by Section 1623(A) of IIRIRA and is therefore Unconstitutional." *Id*. at p. 7. Plaintiff further pleads "The Supremacy Clause of the United States Constitution provides that 'the Laws of the United States which shall be made in Pursuance' of the Constitution 'shall be the supreme Law of the Land,' notwithstanding the 'Laws of any State to the Contrary.' US. Const. art. VI, cl. 2." *Id.* at ¶ 24. Plaintiff's Original Petition cannot be read any way other than as a federal preemption question.

A claim for preemption is particularly a question for federal courts. *Planned Parenthood of Houst. & Se. Tex. v. Sanchez*, 403 F.3d 324, 333 (5th Cir. 2005). It is well-settled law that 28 U.S.C § 1331 confers jurisdiction to federal courts over preemption claims seeking injunctive and declaratory relief. *Id.* at 331 (citing *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96 n.14 (1983) ("A plaintiff who seeks injunctive relief from state regulation, on the ground that such regulation is pre-empted by a federal statute which, by virtue of the Supremacy Clause of the Constitution, must

prevail, thus presents a federal question which the federal courts have jurisdiction under 28 U.S.C. § 1331 to resolve."); *see also Braniff Int'l, Inc. v. Florida Pub. Serv. Comm'n*, 576 F.2d 1100, 1102, 1106 (5th Cir. 1978); *see also Gillis v. Louisiana*, 294 F.3d 755, 760 (5th Cir. 2002) (holding it was proper to deny remand to state court of plaintiff's claim against a state and state officials to enjoin the alleged regulation on preemption grounds, which necessarily invoked federal-question jurisdiction)).

Plaintiff affirmatively implicates federal question jurisdiction because its claims are solely based on its preemption theory. YCTF's claims do not exist without the federal law upon which they rely, and they necessarily depend on the interpretation of federal law. *See Franchise Tax Bd. v. Constr. Lab'rs Vacation Tr. for S. Cal.*, 463 U.S. 1, 9 (1983) (holding that state-law claims may arise under federal law "where the vindication of a right under state law necessarily turn[s] on some construction of federal law" and remanding to state court for other reasons). Plaintiff's assertion that its "single state law claim does not 'arise under' federal law" is incorrect because YCTF's right "to recover under [its] complaint will be sustained if the Constitution and laws of the United States are given one construction and will be defeated if they are given another. For this reason the district court has jurisdiction." *Bell*, 327 U.S. at 685. Plaintiff is not seeking an independent interpretation of the Texas Education Code, but rather is asking the courts to interpret a federal statute and determine whether it is supreme to and preemptive of the Texas statute. Without the federal question component, there is nothing left to Plaintiff's claim.

In fact, if YCTF's only theory for relief is true—that the IIRIRA completely preempts Section 54.051(d)—federal district court would be the only proper forum. *See Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 471 (1998) (holding that complete preemption is a claim that only arises under federal, not state, law). Plaintiff cannot on the one hand argue federal

preemption, and on the other, argue that federal court is improper to decide whether that preemption exists. Thus, this Court should deny YCTF's motion to remand.

Further, there is no contradiction with this Court denying YCTF's Motion to Remand and the arguments upon which UNT relies in its Motion to Dismiss. Dkt. No. 7. In *Planned Parenthood*, the Fifth Circuit recognized the distinction "between the inquiry into federal court jurisdiction and whether a claim has been stated" because "it is firmly established by Supreme Court precedent that the absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction, i.e., the courts' statutory or constitutional power to adjudicate the case." *Planned Parenthood*, 403 F.3d at 331 (citing *Verizon Md., Inc. v. Pub. Serv. Comm'n of Maryland*, 535 U.S. 635, 642–43 (2002); *see also Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 96 (1998) ("[N]onexistence of a cause of action was no proper basis for a jurisdictional dismissal."); *Bell,* 327 U.S. at 682 ("Jurisdiction . . . is not defeated . . . by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover. For it is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction.")).

**II.     Plaintiff has no justiciable controversy under Texas law.**

YCTF also argues that hearing its claim in federal court would be unfair because it would result in a "foreclosure of [a] state-law claim." Dkt. No. 12 at 6. This argument suggests that YCTF's claim would be viable in state court—as though the forum for its claim would affect its viability. Not so. YCTF's claim is subject to dismissal in federal and in state court for the same reason: YCTF has no private right of action for its IIRIRA-based claim for declaratory relief.

YCTF has no right to pursue this action in any federal or state forum. *See Foss v. Arizona Bd. of Regents*, No. 1 CA-CV 18-0781, 2019 WL 5801690, at *3 (Ariz. Ct. App. Nov. 7, 2019), *review denied.* (Apr. 28, 2020). YCTF's claims are nearly identical to those in the *Foss* case,

5

which was filed by non-resident students at an Arizona university. They sued under the Uniform Declaratory Judgments Act—as has YCTF—and alleged that Arizona law violated Section 1623 of IIRIRA. The Arizona court of appeals dismissed their lawsuit:

> Section 1623 never mentions, much less creates and confers, any enforceable private right for individual, non-resident students. . . .
>
> . . . .
>
> ¶21 For their part, Plaintiffs argue the superior court erroneously concentrated on whether Section 1623 conferred a "private right of action" on non-resident students, insisting that "none of [Plaintiffs'] causes of action are in any way related to the theory that [Section] 1623 confers upon them a private right of action." But Plaintiffs miss the larger point. The UDJA claim fails because Plaintiffs have no protectible interest under Section 1623 in the first place.
>
> ¶22 Because Plaintiffs have not sufficiently alleged a protectible interest and justiciable controversy under Section 1623, the superior court properly dismissed their declaratory judgment claim.

*Foss v. Arizona Bd. of Regents*, 2019 WL 5801690, at *3–4. The *Foss* decision illustrates that YCTF's claims under IIRIRA are not viable in any forum, including state courts considering UDJA claims.

UNT does not seek an unfair forum by removing this case to this Court, which is the best forum for this litigation because of the federal question presented by YCTF's claim that federal law preempts the Texas law it challenges. This Court has greater familiarity and expertise with issues of federal preemption, such as those raised by YCTF, and it is therefore the proper forum for this litigation.

Remanding to state court does not provide YCTF with any better forum as its declaratory judgment claim is precluded under Texas law for failure to identify a justiciable controversy to sustain its claims. As UNT argues in its Motion to Dismiss, IIRIRA does not provide for a private right of action.  Likewise, the Texas Uniform Declaratory Judgment Act's requirements for bringing a suit would also preclude YCTF's claim, thus making state court no better a forum to

consider this matter.  The UDJA provides in relevant part: "A person . . . whose rights, status, or other legal relations are affected by a statute . . . may have determined any question of construction or validity arising under the . . . statute . . . and obtain a declaration of rights, status, or other legal relations thereunder." Tex. Civ. Prac. & Rem. Code § 37.004(a).  The Declaratory Judgments Act does not confer additional substantive rights upon parties, nor does it confer additional jurisdiction on courts. *See* Tex. Civ. Prac. & Rem. Code § 37.004; *See Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 444 (Tex. 1993);  *Lane v. Baxter Healthcare Corp.*, 905 S.W.2d 39, 41 (Tex. App.—Houston [1st Dist.] 1995, no writ).

A prerequisite to the declaratory judgment process is that a real controversy must exist between the parties, which the court can actually determine by the judicial declaration sought. *Bd. of Water Engineers of State v. City of San Antonio*, 155 Tex. 111, 114 (1955).  A justiciable controversy between the parties must exist in an action seeking declaratory judgment because without one, the judgment would amount to no more than an advisory opinion, which the court does not have the power to render. *Lone Starr Multi Theatres, Inc. v. State*, 922 S.W.2d 295, 297 (Tex. App.—Austin 1996, no writ).  A court does not have the power to consider hypothetical or contingent situations or determine questions not then necessary, even if the questions may require adjudication in the future. *Empire Life Ins. Co. of Am. v. Moody*, 584 S.W.2d 855, 858 (Tex. 1979).

To challenge a statute in state court, a plaintiff must suffer some actual or threatened restriction under that statute and show that the statute unconstitutionally restricts the plaintiff's rights, not someone else's. *Patterson v. Planned Parenthood of Houston and Southeast Texas, Inc.*, 971 S.W.2d 439 (Tex. 1998) (citing *Barshop v. Medina Underground Water Conservation*

*Dist.*, 925 S.W.2d 618, 626 (Tex. 1996); *Texas Workers' Compensation Comm'n v. Garcia*, 893 S.W.2d 504 (Tex. 1995).

A declaration in YCTF's favor would not entitle it to any relief as its "rights, status, or other legal relations" are not affected by Section 54.051(d). Thus, no justiciable controversy exists between the Parties, and dismissal is inevitable in state court. Because YCTF does not have a maintainable claim in state court, this Court should deny its Motion to Remand.

### CONCLUSION AND PRAYER

YCTF's claims present only a federal question in this lawsuit, and it cannot maintain its claims in state court. Thus, its motion to remand should be denied.

UNT respectfully prays for all relief to which it is justly entitled.

Date: February 5, 2021

        Respectfully submitted,

        By: */s/ Andy Taylor*
        Andy Taylor
        **ANDY TAYLOR & ASSOCIATES, P.C.**
        Designated Lead Counsel
        State Bar No. 19727600
        ataylor@andytaylorlaw.com
        2628 Highway 36 South #288
        Brenham, Texas 77833
        (713) 222-1817 – telephone
        (713) 222-1855 – facsimile

        -and-

        **HUSCH BLACKWELL LLP**

        By: */s/ Sandy Hellums-Gomez*
        Sandy Hellums-Gomez
        State Bar No. 2403670
        Sandy.Gomez@HuschBlackwell.com
        Jeff Nobles
        State Bar No. 15053050
        Jeff.Nobles@HuschBlackwell.com
        600 Travis Street, Suite 2350

Houston, Texas 77002
(713) 647-6800 – main telephone
(713) 647-6884 – general facsimile

-and-

Scott Schneider
State Bar No. 24054023
Scott.Schneider@HuschBlackwell.com
111 Congress Avenue, Suite 1400
Austin, Texas 78701
(512) 472-5456 – main telephone
(512) 479-1101 – general facsimile

**ATTORNEYS FOR THE DEFENDANTS UNIVERSITY OF NORTH TEXAS, THE UNIVERSITY OF NORTH TEXAS SYSTEM, NEAL SMATRESK, PRESIDENT OF THE UNIVERSITY OF NORTH TEXAS, AND SHANNON GOODMAN, VICE PRESIDENT FOR ENROLLMENT OF THE UNIVERSITY OF NORTH TEXAS**

## CERTIFICATE OF SERVICE

I certify that a copy of this motion has been served upon the following on this the 5th day of February, 2021:

Robert Henneke
rhenneke@texaspolicy.com
Chance Weldon
cweldon@texaspolicy.com
Joseph Aaron Barnes, Sr.
abarnes@texaspolicy.com
Texas Public Policy Foundation
901 Congress Avenue
Austin, Texas 78701
**Attorneys for Plaintiff**

By: */s/ Sandy Hellums-Gomez*
     Sandy Hellums-Gomez