**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| YOUNG CONSERVATIVES OF TEXAS FOUNDATION<br>*Plaintiff*,<br><br>v.<br><br>THE UNIVERSITY OF NORTH TEXAS, THE UNIVERSITY OF NORTH TEXAS SYSTEM, NEAL SMATRESK, PRESIDENT OF THE UNIVERSITY OF NORTH TEXAS and SHANNON GOODMAN, VICE PRESIDENT FOR ENROLLMENT OF THE UNIVERSITY OF NORTH TEXAS;<br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 4:20-CV-973<br><br>JUDGE SEAN D. JORDAN |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND**

TO THE HONORABLE SEAN D. JORDAN:

Plaintiff Young Conservatives of Texas Foundation (YCT) submits this Reply to Defendants' Response, Dkt. 15, to Plaintiff's Motion to Remand, Dkt. 12. Defendants have failed to establish that this Court possesses federal question jurisdiction. Defendants also erroneously assert that YCT's claim would not be viable in state court. YCT indisputably has a viable cause of action in state court, while this Court's power to apply that same cause of action is tenuous due to conflicting Fifth Circuit precedent. Accordingly, YCT reurges this Court to return this case to the state court where it properly belongs.

**ARGUMENT AND AUTHORITIES**

I.   **DEFENDANTS' INVOCATION OF THE WELL-PLEADED COMPLAINT RULE IS INADEQUATE TO ESTABLISH FEDERAL QUESTION JURISDICTION.**

Defendants rely on the well-pleaded complaint rule to argue that YCT's Texas Uniform Declaratory Judgment Act (UDJA) claim "arises under" federal law. Dkt. 15, p. 3. But the well-

pleaded complaint rule "as a practical matter severely limits the number of cases in which state law 'creates the cause of action' that may be initiated in or removed to federal district court, thereby avoiding more-or-less automatically a number of potentially serious federal-state conflicts." *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 9 (1983). Under the rule, "the plaintiff [is] the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). While Defendants attempt to characterize YCT's claim as "challenging the constitutionality of a Texas law under a federal statute and the U.S. Constitution," Dkt. 15, p. 3, YCT has already explained that it intentionally and unambiguously pled "a state cause of action to sue state entities in state court for a declaration regarding the validity of a state law," Dkt. 12, p. 4. Because no "federal question is presented on the face of the plaintiff's properly pleaded complaint," this Court lacks federal question jurisdiction. *See Caterpillar*, 482 U.S. at 392.

## II.    DEFENDANTS' RELIANCE ON THE DOCTRINE OF COMPLETE PREEMPTION IS MISPLACED.

Defendants' real argument, however, is not predicated on the well-pleaded complaint rule itself, but instead focuses on the "independent corollary to the well-pleaded complaint rule, known as the complete pre-emption doctrine." *Id*. at 393 (internal citations and quotation marks omitted). That doctrine applies when "the pre-emptive force of a statute is *so extraordinary* that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Id*. (emphasis added) (internal quotation marks omitted). In invoking the doctrine, Defendants erroneously claim that "YCTF's only theory for relief" is "that the IIRIRA completely preempts Section 54.051(d)," concluding that accepting such an argument would then necessarily mean that "federal district court would be the only proper forum" for this case. Dkt. 15, p. 4. But YCT has never advanced a theory of "complete preemption," nor would doing so

2

have even made sense. Defendants' confusion on this point seems to stem from a fundamental misunderstanding of what the complete preemption doctrine is and does.

First, complete preemption is a species of field preemption where "federal law so occupies the field that any complaint alleging facts that come within the statute's scope necessarily 'arise[s] under' federal law." *Premiere Network Servs. v. SBC Communs., Inc.*, 440 F.3d 683, 691 n.11 (5th Cir. 2006) (quoting *Sullivan v. American Airlines, Inc.*, 424 F.3d 267, 273, n.7 (2d Cir. 2005)); *see also Giles v. Nylcare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999) (observing that "ERISA may occupy a particular field, resulting in complete preemption"); *Hubbard v. Blue Cross & Blue Shield Ass'n*, 42 F.3d 942, 945 n.5 (5th Cir. 1995) (noting that complete preemption "exists when the federal law occupies an entire field, rendering any claim a plaintiff may raise necessarily federal in character"). However, as YCT made clear in its Motion for Summary Judgment, "[t]he category of field preemption is inapplicable to the instant case." Dkt. 6, p. 6 n. 1. YCT's substantive arguments are instead predicated on express and conflict preemption.

Defendants further err in discussing complete preemption by conflating issues of jurisdiction with YCT's merits claim. YCT's argument on the merits is that Section 54.051(d) of the Texas Education Code has been misconstrued and misapplied in light of that statute's preemption by 8 U.S.C. § 1623. But the doctrine of "complete preemption" has nothing to do with the merits of a claim. Instead, complete preemption is "a purely jurisdictional doctrine that is distinct from ordinary preemption." *Spear Mktg. v. BancorpSouth Bank*, 844 F.3d 464, 467 n.3 (5th Cir. 2016); *see also Johnson v. Baylor Univ.*, 214 F.3d 630, 632 (5th Cir. 2000) (contrasting the jurisdictional nature of complete preemption with "ordinary preemption" that "may arise either by express statutory term or by a direct conflict between the operation of federal and state law"). Not only is this "jurisdictional doctrine sometimes invoked upon removal to federal court" in order

3

to "establish[] federal subject matter jurisdiction over a state law claim," *Spear*, 844 F.3d at 467 n.3, but, in fact, "[c]omplete preemption and removal jurisdiction are simply two sides of the same coin: a finding of complete preemption represents a conclusion that all claims on the topic arise under federal law," *Elam v. Kan. City S. Ry.*, 635 F.3d 796, 810 (5th Cir. 2011) (internal quotations marks omitted). Thus, the only party in the instant case invoking "complete preemption" is Defendants, who do so in an attempt to defeat remand and remain in federal court.

Defendants' complete preemption doctrine argument would be unavailing even if it had been properly framed. As Defendants themselves note, "IIRIRA does not provide a private right of action under 8 U.S.C. § 1623(a)." Dkt. 7, p. 4. Defendants also correctly point out that if anyone possesses the power to bring a suit under Section 1623, it is the Secretary of Homeland Security. Dkt. 7, pp. 4-5 (citing 8 U.S.C. § 1103(a)(1)). However, unlike other federal statutes like the LMRA and ERISA that have established complete preemption, *Ben. Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003), IIRIRA does not provide an "interlocking, interrelated, and interdependent remedial scheme," *cf. Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 146 (1985). And if a federal statute "carefully enumerates the parties entitled to seek relief" but "does not provide anyone other than [those parties] with an express cause of action for a declaratory judgment on the issues in this case," then "[a] suit for similar relief by some other party does not 'arise under' that provision." *Franchise Tax Bd.*, 463 U.S. at 27. Accordingly, given that YCT's private claim under the state UDJA is not a "complaint that comes within the scope of the federal cause of action" potentially provided by IIRIRA, that federal cause of action does not "completely pre-empt[] [YCT's] state cause of action." *See id.* at 24.

### III.     YCT HAS A VALID STATE COURT CAUSE OF ACTION.

Defendants also wrongly assert that YCT's claim is equally unavailable "in federal and in state court for the same reason: YCTF has no private right of action for its IIRIRA-based claim for declaratory relief." Dkt. 15, p. 5. As explained by YCT ad nauseam, this suit was not brought under IIRIRA. Instead, YCT originally sued in Texas state district court under the Texas UDJA, Tex. Civ. Prac. & Rem. Code Ann. §§ 37.001 et seq., which provides a stand-alone cause of action to construe the constitutionality of state statutes. Defendants seek to brush this distinction aside, hoping this Court will not only decide that YCT's claim is not viable in federal court, but also determine whether the same state statute is applicable within Texas's own state courts. Both issues are addressed below.

There remains some uncertainty as to whether YCT may continue to litigate a Texas UDJA cause of action when removed to federal court. The Fifth Circuit has applied the state's UDJA in some cases. *See Allstate Ins. Co. v. Abbott*, 495 F.3d 151, 158 (5th Cir. 2007) (stating that while the "case was brought initially in Dallas county state court pursuant to the Texas Declaratory Judgment Act," the defendants had "timely removed the case to federal district court"); *id*. at 158 n.11 (discussing the state UDJA's waiver of immunity). In fact, in at least one instance the Texas UDJA supplied the sole cause of action for a suit arguing federal preemption. *See Camacho v. Tex. Workforce Comm'n*, 445 F.3d 407, 409 (5th Cir. 2006) (describing procedural history where the plaintiffs had "sought relief under the Texas Declaratory Judgment Act," the defendants then successfully "removed to federal court, asserting federal question jurisdiction," and the federal court eventually "invalidated the [Texas Workforce Commission] rules at issue, holding that they were contrary to the plain meaning of the Medicaid statute").

However, conflicting Fifth Circuit authority holds that when a plaintiff's "complaint seeks declaratory relief pursuant to the Texas Declaratory Judgment Act, the removal to federal court causes the claim to be viewed as brought under the [federal] Declaratory Judgment Act." *Edionwe v. Bailey*, 860 F.3d 287, 294 n.2 (5th Cir. 2017) (internal quotation marks omitted). And unlike the Texas UDJA, the federal DJA does not create an independent cause of action. *See Okpalobi v. Foster*, 244 F.3d 405, 423 n.31 (5th Cir. 2001) ("[T]he law makes clear that—although the [federal] Declaratory Judgment Act provides a remedy different from an injunction—it does not provide an additional cause of action with respect to the underlying claim."). Given the inconsistent caselaw in this circuit, continuing to exercise jurisdiction over a case shrouded in legal uncertainty would be a poor use of this Court's time and resources. And it would be unjust to require YCT to litigate this matter fully in federal court, all the while unnecessarily risking a decision that fails to reach the merits of its claims, when it possesses a clear state law cause of action.

Put simply, Defendants' argument that YCT lacks a claim in state court under Texas law is just plain wrong. *See* Dkt. 15, p. 6 (claiming that "[r]emanding to state court does not provide YCTF with any better forum as its declaratory judgment claim is precluded under Texas law"). To the contrary, regardless of the UDJA's applicability in this Court, the statute unequivocally provides a valid cause of action in state court:

> A person interested under a deed, will, written contract, or other writings constituting a contract or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise ***may have determined any question of construction or validity*** arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder.

Tex. Civ. Prac. & Rem. Code Ann. § 37.004(a) (emphasis added). Furthermore, the instant case clearly falls well within the parameters of this statutory cause of action. Specifically, YCT is "a

person," *see* Tex. Civ. Prac. & Rem. Code Ann. § 37.001, whose "legal relations are affected" by Defendants' application of Section 54.051(d) of the Texas Education Code, and thus YCT is entitled to have the "construction or validity" of that state statute decided and to "obtain a declaration" of its "status" or "other legal relations thereunder."

The UDJA's provision of an independent cause of action is not only obvious on the face of the statute but has also been recognized by state courts throughout Texas, including the state's Supreme Court. *See, e.g.*, *In re Hous. Specialty Ins. Co.*, 569 S.W.3d 138, 139 (Tex. 2019) (characterizing the "sole cause of action" pled by plaintiff as "a request for declaratory relief under the Uniform Declaratory Judgments Act"); *Crawford v. XTO Energy, Inc.*, 509 S.W.3d 906, 911 n.3 (Tex. 2017) (stating that "[o]ne of [the claimant's] causes of action [was] brought under the Texas Declaratory Judgments Act"); *Thomas v. Long*, 207 S.W.3d 334, 337 (Tex. 2006) (referring to declaratory judgment as one of a party's "causes of action"); *BHP Petroleum Co. v. Millard*, 800 S.W.2d 838, 842 (Tex. 1990) (holding that the defendant stated a "cause of action" via its UDJA counterclaim); *Hunt v. City of Diboll*, 574 S.W.3d 406, 426-27 (Tex. App.—Tyler 2017, pet. denied) (referring to "an action under the UDJA for interpretation of a statute" as a "statutory cause of action"); *Cont'l Homes of Tex., L.P. v. City of San Antonio*, 275 S.W.3d 9, 21 (Tex. App.—San Antonio 2008, pet. denied) (holding that defendant's "declaratory judgment counterclaim [was] an independent cause of action for affirmative relief"); *Indian Beach Prop. Owners' Ass'n v. Linden*, 222 S.W.3d 682, 700-02 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (holding that defendants' counterclaim under the UDJA "stated a cause of action on which they could recover benefits, compensation, or relief"); *Bexar Metro. Water Dist. v. City of Bulverde*, 156 S.W.3d 79, 88, 91 (Tex. App.—Austin 2004, pet. denied) (holding that "suits under the UDJA

are not limited to cases where the parties have a cause of action separate and apart from the UDJA" as well as that appellees had "a cause of action under the UDJA").

In response, Defendants rely on an unpublished opinion from another state's intermediate court of appeals that applies the caselaw that has grown up around that state's version of the UDJA. *See* Dkt. 15, pp. 5-6 (citing *Foss v. Arizona Bd. of Regents*, No. 1 CA-CV 18-0781, 2019 WL 5801690 (Ariz. Ct. App. Nov. 7, 2019)). However, unlike in the instant case, the plaintiff in that case initially conceded that it was "primarily true" that the sole issue in the case was "just whether or not [Section 1623] gives you a cause of action." *Foss*, No. 1 CA-CV 18-0781, at *5. By contrast, in the only other lawsuit to be brought in Texas state court that alleged preemption of a state statute by IIRIRA, the Fourteenth Court of Appeals implicitly recognized that the UDJA did in fact provide a cause of action. In *Lone Star College System v. Immigration Reform Coalition of Texas*, the plaintiff was "seek[ing] declarations and injunctive relief under the Uniform Declaratory Judgments Act (UDJA)." 418 S.W.3d 263, 267 (Tex. App.—Houston [14th Dist.] 2013, pet. denied). In that decision, the court denied a plea to the jurisdiction by defendants that was "based on the proposition that the federal statutes, which [plaintiff] alleges have preemptive effect, do not provide for a private right of action." *Id*. at 275. In fact, that determination was so clear that the court felt the "need [to] touch on [defendants' argument] only briefly" by pointing out that the suit was not brought "under the federal provisions," but instead presented "state law claims." *Id*. That is precisely the same circumstance as the instant case. *Lone Star College* represents a correct application of the Texas state law regarding the UDJA. And even if it did not, that determination of state law would be best left to state courts, not federal courts applying an irrelevant decision from a completely different state.

## PRAYER AND CONCLUSION

YCT's state Petition on its face makes clear that this case was brought pursuant to a state law cause of action in order to determine a single, straightforward question of the construction and validity of a state law. That the proper interpretation and application of that state law is informed by the principles of federal preemption is insufficient to establish federal question jurisdiction. Furthermore, this Court should abstain from deciding the scope or applicability of that state cause of action in state court. Therefore, YCT respectfully requests that this Court grant its Motion to Remand.

Respectfully submitted,

*/s/Robert Henneke*
ROBERT HENNEKE
Texas Bar No. 24046058
rhenneke@texaspolicy.com
CHANCE WELDON
Texas Bar No. 24076767
cweldon@texaspolicy.com
JOSEPH AARON BARNES, SR.
Texas Bar No. 24099014
abarnes@texaspolicy.com
TEXAS PUBLIC POLICY FOUNDATION
901 Congress Avenue
Austin, Texas 78701
Telephone:    (512) 472-2700
Facsimile:    (512) 472-2728

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was electronically filed on February 12, 2021 with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/Robert Henneke*
ROBERT HENNEKE