IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| YOUNG CONSERVATIVES OF TEXAS FOUNDATION<br>*Plaintiff*,<br><br>v.<br><br>THE UNIVERSITY OF NORTH TEXAS, THE UNIVERSITY OF NORTH TEXAS SYSTEM, NEAL SMATRESK, PRESIDENT OF THE UNIVERSITY OF NORTH TEXAS and SHANNON GOODMAN, VICE PRESIDENT FOR ENROLLMENT OF THE UNIVERSITY OF NORTH TEXAS;<br>*Defendants*. | §§§§§§§§§§§§§§§ | CIVIL ACTION NO. 4:20-CV-973<br><br>JUDGE SEAN D. JORDAN |

## JOINT RULE 26(f) REPORT

By counsel, Plaintiff Young Conservatives of Texas Foundation ("YCT") and Defendants the University of North Texas, the University of North Texas System, Neal Smatresk, President of the University of North Texas, and Shannon Goodman, Vice President for Enrollment of the University of North Texas ("UNT") conferred on February 9, 2021, as required by Rule 26 of the Federal Rules of Civil Procedure and this Court's Order to conduct a Rule 26(f) conference, and respectfully submit the following Joint Conference Report.

On February 9, 2021, this Court entered a notice cancelling the Rule 16 Management Conference. Additionally, this Court's standard deadlines for proposed scheduling orders are largely contingent on the date of the Rule 16 management conference. Dkt. 11, pp. 8-11. Accordingly, the parties hereby respectfully propose to electronically submit a joint scheduling order no later than 30 days after the Court issues its decision on Plaintiff's Motion to Remand. The parties further propose that this Court reschedule the Rule 16 Management Conference for a date

at least 14 days after the deadline for submission of the joint scheduling order. Finally, the parties respectfully request that the Rule 16 Management Conference be held via telephone.

## I.   DESCRIPTION OF THE CASE

### A.  Plaintiff's claims

Plaintiff YCT challenges the application of nonresident tuition to United States citizens that do not qualify as Texas residents on the grounds that the imposition of such tuition on these individuals is preempted by federal law. YCT therefore seeks a declaratory judgment under the Texas Uniform Declaratory Judgment Act that Section 54.051(d) of the Texas Education Code, as applied to United States citizens, is preempted by 8 U.S.C. § 1623(a). YCT also seeks a permanent injunction that enjoins UNT's application of Section 54.051(d) of the Texas Education Code to United States citizens.

### B.  Defendants' Responses

Defendants UNT's position is that 8 U.S.C. § 1623 of the Illegal Immigration Reform and Responsibility Act ("IIRIRA") does not confer on YCT a private right of action to challenge Texas Education Code Section 54.051(d).  Thus, UNT has moved for dismissal of YCT's claims under Rules 12(b)(1) and (6).  UNT also denies that the IIRIRA preempts Section 54.051(d) and reserves its right to assert additional defenses.

### C.  Statement of jurisdiction

Plaintiff's position: This Court does not possess original jurisdiction over this case because the action does not arise under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331. Federal law does not create the cause of action that Plaintiff has asserted. Rather, Plaintiff relies upon the state's Uniform Declaratory Judgment Act, chapter 37, Tex. Civ. Prac. & Rem. Code, for its cause of action. Further, this Court lacks supplemental jurisdiction under 28 U.S.C.

§ 1367(a) because this case constitutes a single state law claim that is unrelated to any other for which this Court possesses original jurisdiction. And even if this Court could exercise supplemental jurisdiction, it should decline to do so under the exceptional circumstances presented by this case. *See* 28 U.S.C. § 1367(c)(4).

Defendants' Position: This Court maintains original jurisdiction of this case under 28 U.S.C. § 1331 because YCT's claim for preemption, which is its only theory for relief, creates a federal question. Because YCT's statement of its own claim shows that it is based on federal law, this suit "arises" under federal law within the meaning of Section 1331.

### D. Party Names

The correct names of the parties to this action are Young Conservatives of Texas Foundation, the University of North Texas, the University of North Texas System, Neal Smatresk, President of the University of North Texas, and Shannon Goodman, Vice President for Enrollment of the University of North Texas. There are no other anticipated additional or potential parties.

### E. Related Cases

This case was originally brought in the District Court for the 442nd Judicial District of Denton County, Texas, and was assigned cause number 20-9524-442, but was subsequently removed to this Court. There are no other cases related to this case pending in any state or federal court.

### F. Rule 26 Disclosures

The parties have completed the initial disclosures required by Rule 26(a)(1) and this Court's Order.

### G. Settlement and Mediation

The Parties have conferred on settlement options without success. The parties agree that mediation would not be helpful in resolving this case.

### H. Persons to be Deposed

Plaintiff may conduct depositions on officials at UNT for the purpose discovering how Defendant makes determinations on resident status for tuition purposes.

Defendants may conduct depositions of Plaintiff members and additional persons with knowledge of the matter to be determined at a later date.

### I. Jury Trial

No parties have demanded a jury trial; should this case proceed to trial it will be a bench trial.

### J. Attorneys Appearing at Management Conference

Robert Henneke will be appearing on behalf of Plaintiff YCT. Sandy Hellums-Gomez will be appearing on behalf of Defendants UNT.

### K. Consent to Magistrate

The parties do not unanimously consent to the jurisdiction of a magistrate judge.

## II. DISCOVERY

### A. Subjects on which the parties anticipate that discovery will be sought:

The parties do not propose any changes to the limits of discovery as set forth in the Federal Rules of Civil Procedure. Because this case presents a pure question of law, the parties expect discovery in this case to be minimal. To the extent necessary, discovery for Plaintiff is expected to principally focus on discovering how Defendant makes determinations on resident status for

tuition purposes. To the extent necessary, discovery for Defendants is expected to principally focus on discovery clarifying the basis for Plaintiff's standing.

Respectfully submitted,

| | |
|---|---|
| */s/Robert Henneke* | ANDY TAYLOR |
| ROBERT HENNEKE | ANDY TAYLOR & ASSOCIATES, P.C. |
| Texas Bar No. 24046058 | Designated Lead Counsel |
| rhenneke@texaspolicy.com | State Bar No. 19727600 |
| CHANCE WELDON | ataylor@andytaylorlaw.com |
| Texas Bar No. 24076767 | 2628 Highway 36 S., #288 |
| cweldon@texaspolicy.com | Brenham, Texas 77833 |
| JOSEPH AARON BARNES, SR. | Telephone:  (713) 222-1817 |
| Texas Bar No. 24099014 | Facsimile:  (713) 222-1855 |
| abarnes@texaspolicy.com | |
| TEXAS PUBLIC POLICY FOUNDATION | and |
| 901 Congress Avenue | |
| Austin, Texas 78701 | */s/Sandy Hellums-Gomez* |
| Telephone: (512) 472-2700 | SANDY HELLUMS-GOMEZ |
| Facsimile:  (512) 472-2728 | State Bar No. 2403670 |
| *Attorneys for Plaintiff* | sandy.gomez@huschblackwell.com |
| | Jeff Nobles |
| | State Bar No. 15053050 |
| | jeff.nobles@huschblackwell.com |
| | 600 Travis Street, Ste. 2350 |
| | Houston, Texas 77002 |
| | Telephone:  (713) 647-6800 |
| | Facsimile:  (713) 647-6884 |
| | |
| | and |
| | |
| | SCOTT SCHNEIDER |
| | State Bar No. 24054023 |
| | scott.schneider@huschblackwell.com |
| | 111 Congress Avenue, Ste. 1400 |
| | Austin, Texas 78701 |
| | Telephone:  (512) 472-5456 |
| | Facsimile:  (512) 479-1101 |
| | *Attorneys for Defendants* |

## CERTIFICATE OF SERVICE

I hereby certify that on February 22, 2021, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Eastern District of Texas by using the CM/ECF system, which will serve a copy of the same on the counsel of record.

                                              */s/Robert Henneke*
                                              ROBERT HENNEKE