UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| YOUNG CONSERVATIVES OF TEXAS FOUNDATION | § § § | |
| v. | § § | CIVIL NO. 4:20-CV-973-SDJ |
| THE UNIVERSITY OF NORTH TEXAS, ET AL. | § § § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Young Conservatives of Texas Foundation ("Young Conservatives") filed suit in Texas state court challenging the constitutional validity of a Texas Education Code provision that allegedly compels United States citizens to pay a higher rate of college tuition than some aliens not lawfully present in the country. The Defendants, which include the University of North Texas, the University of North Texas System, and the University's president and vice president for enrollment in their official capacities (collectively, "UNT"), timely removed the case to this Court, asserting that the Court has original jurisdiction over Young Conservatives' claims under 28 U.S.C. § 1331, commonly known as federal-question jurisdiction. Young Conservatives disagrees and has filed a remand motion arguing that federal-question jurisdiction is lacking. The remand motion fails under controlling Supreme Court and Fifth Circuit precedent.

Young Conservatives' lawsuit asks that UNT officials be enjoined from enforcing a provision of the Texas Education Code because it "directly conflicts with federal law," and therefore "is preempted by, and thus unconstitutional under, the

1

Supremacy Clause of the United States Constitution." (Dkt. #1 at 1). Young Conservatives further pleads that, by enforcing the preempted state law, the university-official defendants "have acted and continue to act without legal authority," and therefore Young Conservatives requests injunctive relief against those officials. *Id.* As the Supreme Court has explained, "[a] plaintiff who seeks injunctive relief from state regulation, on the ground that such regulation is preempted by a federal statute which, by virtue of the Supremacy Clause, must prevail, thus presents a federal question which the federal courts have jurisdiction under 28 U.S.C. § 1331 to resolve." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96 n.14, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983) (collecting cases); *see also Air Evac EMS, Inc. v. Tex., Dep't of Ins., Div. of Workers' Comp.*, 851 F.3d 507, 520 (5th Cir. 2017) (same). Because Young Conservatives' complaint seeks injunctive relief premised on the claim that federal law preempts a Texas Education Code provision that unlawfully imposes nonresident tuition on United States citizens, *Shaw* confirms that this Court has federal-question jurisdiction. The remand motion is denied.

## I. BACKGROUND

Taken together, Sections 54.051 and 54.052 of the Texas Education Code permit persons who meet certain residency requirements and are enrolled in a state-operated institution of higher education to qualify as Texas "residents" for the purpose of receiving in-state tuition rates. TEX. EDUC. CODE §§ 54.051(c), 54.052. Anyone who fails to meet those residency requirements is not entitled to receive in-state tuition—regardless of whether that person is a United States citizen—and must

pay higher tuition rates. *Id.* §§ 54.051(d), 54.052. In some situations, this statutory scheme provides that aliens who are unlawfully in the country may pay in-state-tuition rates while United States citizens from states other than Texas may not.

But a federal statute, Section 1623(a) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), states that:

> [A]n alien who is not lawfully present in the United States shall not be eligible on the basis of residence within a State (or a political subdivision) for any postsecondary education benefit unless a citizen or national of the United States is eligible for such a benefit (in no less an amount, duration, and scope) without regard to whether the citizen or national is such a resident.

8 U.S.C. § 1623(a). Alleging that the above state and federal statutes conflict with one another, Young Conservatives sued UNT in the 442nd Judicial District Court of Denton County, Texas. (Dkt. #1-5). Young Conservatives sued on behalf of certain of its members, each of whom is a United States citizen from a state other than Texas, seeking a declaration that Section 1623 of IIRIRA preempts Section 54.051(d) of the Texas Education Code and an injunction prohibiting UNT from applying the tuition rates set forth in Section 54.051(d). (Dkt. #1-5). UNT timely removed that action to this Court under 28 U.S.C. §§ 1441 and 1446, asserting that this Court has original jurisdiction over Young Conservatives' action because it arises under federal law. (Dkt. #1 at 3).

Young Conservatives seeks to remand this action to state court, asserting that "there is simply no reason to suppose that [IIRIRA Section 1623] meant to eliminate a <u>state</u> cause of action [the Texas Uniform Declaratory Judgments Act ("UDJA")] to sue <u>state</u> entities in <u>state</u> court for a declaration regarding the validity of <u>state</u> law."

(Dkt. #12 at 4). UNT responds that Young Conservatives' sole cause of action "affirmatively implicates federal question jurisdiction" as it hinges on the interpretation of IIRIRA, a federal statute, and thus argues that jurisdiction in this Court is proper. (Dkt. #15 at 4).

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256, 133 S.Ct. 1059, 185 L.Ed.2d 72 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994)). Thus, when a plaintiff sues in state court, a defendant can remove the suit to federal court under 28 U.S.C. § 1441(a) only if the plaintiff could have filed the suit in federal court under a jurisdiction-granting statute. *See, e.g.*, *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987) (citing 28 U.S.C. § 1441(a)).

One such jurisdiction-granting statute is 28 U.S.C. § 1331, which gives federal courts subject-matter jurisdiction over all claims "arising under" federal law. To determine whether a claim arises under federal law, courts apply the "well-pleaded complaint rule," which provides that federal-question jurisdiction exists "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392 (quoting *Gully v. First Nat'l Bank*, 299 U.S. 109, 112–13, 57 S.Ct. 96, 81 L.Ed. 70 (1936)). And in cases removed from state court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction"—for example, if it becomes apparent that no federal question is

presented on the face of the plaintiff's complaint—the federal court must remand the case to state court. 28 U.S.C. § 1447(c). "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (collecting cases).

### III. DISCUSSION

Young Conservatives argues that its "single state law claim does not 'arise under' federal law." (Dkt. #12 at 2). It contends that it does not bring a federal cause of action but rather a state cause of action provided by the Texas UDJA. (Dkt. #16 at 1–2). According to Young Conservatives, the Texas UDJA provides its "cause of action" challenging the validity of Section 54.051(d) of the Texas Education Code, and thus its claim does not fall under federal-question jurisdiction. Young Conservatives is mistaken: its preemption claim unquestionably invokes this Court's federal-question jurisdiction.

To begin with, Young Conservatives cannot assert a "cause of action" under the Texas UDJA that would confer subject-matter jurisdiction in either federal or state court. Although the Texas UDJA is "sometimes termed a 'cause of action' colloquially," the declaratory relief provided by this statute "is more precisely a type of *remedy* that may be obtained with respect to a cause of action or other substantive right." *Craig v. Tejas Promotions, LLC*, 550 S.W.3d 287, 297–98 (Tex. App.—Austin 2018, pet. denied). By its terms, the Texas UDJA grants "[a] court of record *within its jurisdiction*. . . power to declare rights, status, and other legal relations." TEX. CIV. PRAC. & REM. CODE § 37.003(a) (emphasis added). This limitation means that the

Texas UDJA is "merely a procedural device for deciding cases already within a court's jurisdiction," *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 444 (Tex. 1993), and does not itself confer jurisdiction, *State v. Morales*, 869 S.W.2d 941, 947 (Tex. 1994). Thus, "the [Texas] UDJA does not expand the trial court's jurisdiction to grant the declaratory remedy it provides, nor alter the underlying substantive rights of any party." *Craig*, 550 S.W.3d at 298. Instead, the Texas UDJA's limited, "remedial" purpose is "to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations," and it "may be deployed where a justiciable controversy exists regarding those matters that may be resolved with the declaration sought." *Id*. As one Texas court has explained, a Texas UDJA claimant "must already have a cause of action at common law or under some statutory or constitutional provision." *City of Arlington v. Randall*, 301 S.W.3d 896, 908 (Tex. App.—Fort Worth 2009, pet. denied).[1]

Further, because both the Texas UDJA and the federal DJA are merely procedural devices, not substantive laws, under the *Erie* doctrine, the Texas UDJA is not applied in federal court. *See Camacho v. Tex. Workforce Comm'n*, 445 F.3d 407, 409–10 (5th Cir. 2006) (citing *Utica Lloyd's of Tex. v. Mitchell*, 138 F.3d 208, 210 (5th Cir. 1998) and *Olander v. Compass Bank*, 363 F.3d 560, 567–68 (5th Cir. 2004)).

---

[1] In this sense, the Texas UDJA mirrors the federal Declaratory Judgment Act ("federal DJA"), which also does not provide an independent source of substantive rights. *See, e.g.*, *Okpalobi v. Foster*, 244 F.3d 405, 423 n.31 (5th Cir. 2001) ("[T]he law makes clear that—although the [federal DJA] provides a remedy different from an injunction—it does not provide an additional cause of action with respect to the underlying claim." (citation omitted)).

6

Instead, when a Texas UDJA claim is removed to federal court, the claim is construed as if it were brought under the federal DJA. *See, e.g., Edionwe v. Bailey*, 860 F.3d 287, 294 n.2 (5th Cir. 2017) (quoting *i2 Techs. US, Inc. v. Lanell*, No. CIV.A.302CV0134G, 2002 WL 1461929, at *7 n.5 (N.D. Tex. July 2, 2002) (collecting cases)); *Lakiesha v. Bank of N.Y. Mellon*, No. 3:15–CV–0901–B, 2015 WL 5934439, at *12 (N.D. Tex. Oct. 9, 2015); *see also Hausfeld v. Love Funding Corp.*, 131 F.Supp.3d 443, 468 (D. Md. 2015) (converting Maryland declaratory-judgment action to federal DJA action).

Looking to the substance of Young Conservatives' claim, as opposed to the procedural device used to seek relief, Young Conservatives' claim plainly includes a federal question. On the face of its complaint, Young Conservatives raises questions of federal law by seeking a declaration that a state statute is preempted by a federal one. *See, e.g.*, (Dkt. #1-5 ¶¶ 9–10, 24–25). Supreme Court and Fifth Circuit precedent leave no doubt that federal-preemption claims trigger federal-question jurisdiction under 28 U.S.C. § 1331. As the Supreme Court has held, "[a] plaintiff who seeks injunctive relief from state regulation, on the ground that such regulation is pre-empted by a federal statute which, by virtue of the Supremacy Clause of the Constitution, must prevail, thus presents a federal question which the federal courts have jurisdiction under 28 U.S.C. § 1331 to resolve." *Shaw*, 463 U.S. at 96 n.14 (collecting cases); *accord Crosby v. Nat'l Foreign Trade Council*, 530 U.S. 363, 370–71, 120 S.Ct. 2288, 147 L.Ed.2d 352 (2000).

The Supreme Court reaffirmed this holding in *Verizon Maryland, Inc. v. Public Service Commission*, 535 U.S. 635, 642, 122 S.Ct. 1753, 152 L.Ed.2d 871 (2002). In that case, a telephone company sued a state public-utility commission for declaratory and injunctive relief, alleging that the federal Telecommunications Act preempted one of the commission's orders. *Id.* at 640. The Supreme Court stated that federal-question jurisdiction exists when a plaintiff's right to recover "will be sustained if the Constitution and laws of the United States are given one construction and will be defeated if they are given another"—unless the claim is insubstantial, frivolous, and made only to obtain jurisdiction. *Id.* at 643 (citation omitted). And the Fifth Circuit has applied this principle, holding that when a plaintiff seeks "injunctive relief based on [preemption by] a federal statute, federal question jurisdiction clearly exists based on *Shaw*." *Gillis v. Louisiana*, 294 F.3d 755, 760 (5th Cir. 2002) (citation omitted); *see also Local Union No. 12004, United Steelworkers of Am. v. Massachusetts*, 377 F.3d 64, 75 (1st Cir. 2004) ("*Verizon* and *Shaw* make clear that in suits against state officials for declaratory and injunctive relief, a plaintiff may invoke the jurisdiction of the federal courts by asserting a claim of preemption, even absent an explicit statutory cause of action.").

For example, in a case involving an organization's challenge to provisions in the Texas Insurance Code as preempted by ERISA, the Fifth Circuit held that the district court had subject-matter jurisdiction over the case under 28 U.S.C. § 1331, even though the plaintiff did not have a private right of action under ERISA. *Self-Ins. Inst. of Am., Inc. v. Korioth*, 993 F.2d 479, 480 (5th Cir. 1993). The *Korioth* court

8

reasoned that "[t]he question of preemption is particularly one for the federal courts and arises as much from the Constitution as from [the preempting federal statute]." *Korioth*, 993 F.2d at 484; *see also Air Evac EMS, Inc.*, 851 F.3d at 520 (holding that the district court could exercise federal-question jurisdiction over a claim brought by an air-ambulance company that the Airline Deregulation Act preempted certain provisions of the Texas Workers' Compensation Act).

Young Conservatives provides no explanation as to how or why its case should be distinguished from this precedent establishing federal-question jurisdiction over preemption claims. Young Conservatives does not contend with or cite *Shaw* or *Verizon* in its remand briefing, even though its preemption claim turns on the question whether "the Constitution and laws of the United States are given one construction . . . [or] another." *Verizon*, 353 U.S. at 643. Determining whether Section 1623 of IIRIRA preempts Section 54.051(d) of the Texas Education Code necessarily entails construing the laws of the United States. Binding Supreme Court and Fifth Circuit precedent establish that federal courts have federal-question jurisdiction under 28 U.S.C. § 1331 for preemption claims when issues of federal law appear on the face of the complaint. Young Conservatives' conclusory arguments to the contrary are unavailing. Thus, federal question jurisdiction clearly exists here.[2]

---

[2] UNT has filed a dismissal motion under Federal Rule of Civil Procedure 12(b)(1) and (b)(6) challenging Young Conservatives' standing, the justiciability of its claims, and whether it has asserted a viable cause of action. This motion has not been fully briefed and is not relevant to the question raised by Young Conservatives' remand motion: whether federal-question jurisdiction exists in this case. The Court notes, however, that if it ultimately concludes that subject-matter jurisdiction is lacking, for example if the Court determines that Young Conservatives lacks standing, the case will be remanded to state court under 28 U.S.C. § 1447(c).

## IV. Conclusion

For the foregoing reasons, it is **ORDERED** that Plaintiff Young Conservatives of Texas Foundation's Motion to Remand, (Dkt. #12), is hereby **DENIED**.

**So ORDERED and SIGNED this 28th day of July, 2021.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE