# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| YOUNG CONSERVATIVES OF TEXAS FOUNDATION<br>*Plaintiff*,<br><br>v.<br><br>THE UNIVERSITY OF NORTH TEXAS, THE UNIVERSITY OF NORTH TEXAS SYSTEM, NEAL SMATRESK, PRESIDENT OF THE UNIVERSITY OF NORTH TEXAS and SHANNON GOODMAN, VICE PRESIDENT FOR ENROLLMENT OF THE UNIVERSITY OF NORTH TEXAS;<br>*Defendants*. | § § § § § § § § § § § § § § § | CIVIL ACTION NO. 4:20-CV-973<br><br>JUDGE SEAN D. JORDAN |

**PLAINTIFF'S SUR-REPLY IN RESPONSE TO DEFENDANTS' MOTION TO DISMISS**

TO THE HONORABLE SEAN D. JORDAN:

Plaintiff the Young Conservatives of Texas Foundation ("YCT") files this sur-reply in response to the Motion to Dismiss filed by Defendants, the University of North Texas; the University of North Texas System; Neal Smatresk, President of the University of North Texas; and Shannon Goodman, Vice President for Enrollment of the University of North Texas (collectively "UNT").

UNT raises three issues for the first time in its reply brief, none of which warrant dismissal. First, UNT claims that this Court should not consider YCT's claims under *Ex parte Young* because YCT did not expressly cite to *Ex parte Young* in its complaint. Dkt. #29, p. 9. But citation to *Ex parte Young* or any other case in a complaint would be unusual and is not required.[1] As explained in YCT's reply (Dkt. #28, p. 7-8), YCT's complaint contains all the allegations necessary to state

---

[1] Indeed, citation to federal precedent about federal court jurisdiction in YCT's complaint would have been doubly bizarre, because this case was filed in state court.

an equitable claim under *Ex parte Young*. The fact that *Ex parte Young* was not specifically cited in the complaint is irrelevant. *See Williams v. Reeves*, 954 F.3d 729, 734 (5th Cir. 2020) (determining whether *Ex parte Young* is properly invoked by a complaint is a question of the "substance rather than . . . the form").

Second, UNT claims in a conclusory manner that YCT's members fail to meet the three elements of Article III standing. Dkt. #29, p. 10-11. But this last-minute argument is easily rebutted. To establish standing, a party need only plead: (1) an injury in fact; (2) that is traceable to the challenged action; and (3) redressable by a judgment from this Court. *See Ne. Fla. Chapter of Assoc. Gen. Contractors v. City of Jacksonville*, 508 U.S. 656, 663 (1993). That burden is met here. In addition to its associational injuries articulated in Dkt. #2, ¶¶ 1, 19-22,[2] UNT alleged its members are injured by being unconstitutionally forced to pay out of state tuition under the challenged statute that is significantly higher than what is permitted under federal law. *Id*. at ¶¶ 16-17, 33. These injuries are traceable to Tex. Educ. Code § 54.051(d) which sets the tuition rates for out-of-state students. And an injunction preventing the enforcement of Tex. Educ. Code § 54.051(d) at UNT would therefore fully redress YCT's injuries. YCT has therefore clearly established Article III standing.

Finally, UNT argues that YCT's claims should be dismissed because UNT allegedly seeks to challenge the regulation of someone else—namely, unlawfully present aliens. Dkt. #29, p. 11. But this mischaracterizes YCT's claims. YCT does not challenge Tex. Educ. Code § 54.052(a)(3)

---

[2] UNT claims in a single sentence without argument, explanation, or support that YCT has not "pled facts sufficient to meet the rigorous requirements of associational standing." Dkt. #29, p. 10. An issue raised without any argument is not properly before the court. *See Sapic v. Gov't of Turkm.*, 345 F.3d 347, 356 n.7 (5th Cir. 2003) ("Arguments raised in a perfunctory manner… are waived"). To be sure, UNT may still raise this jurisdictional claim in a summary judgment motion or a motion on the pleadings under Federal Rule 12 (c). But it must actually raise the argument, not merely drop a conclusory sentence in a reply brief.

which UNT applies to set the tuition rate for unlawfully present aliens.  UNT may continue to charge unlawfully present aliens whatever it wants.  YCT challenges Tex. Educ. Code § 54.051(d) which applies directly to YCT's members and is preempted by federal law.  UNT's argument therefore fails.

At the end of the day, UNT continues to make this case more complicated than it is.  "YCT challenges the constitutionality of a state statute…"  Dkt. #2, p. 1.  YCT brought this single constitutional claim against state officials, in their official capacities (*id*. at ¶¶ 4-5) seeking solely declaratory and injunctive relief to prevent the ongoing application of this unconstitutional state law against its members.  *Id*. at p. 10.  Any fair reading YCT's complaint as transferred to a federal forum recognizes it as a straightforward *Ex parte Young* case.  YCT has therefore met the low burden of pleading facially plausible claims for relief and this motion to dismiss should be denied.

Respectfully submitted,

*/s/Chance Weldon*
ROBERT HENNEKE
Texas Bar No. 24046058
rhenneke@texaspolicy.com
CHANCE WELDON
Texas Bar No. 24076767
cweldon@texaspolicy.com
TEXAS PUBLIC POLICY FOUNDATION
901 Congress Avenue
Austin, Texas 78701
Telephone:	(512) 472-2700
Facsimile:	(512) 472-2728

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

    I hereby certify that the foregoing document was electronically filed on September 7, 2021, with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                  */s/Chance Weldon*
                                  CHANCE WELDON