# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| YOUNG CONSERVATIVES OF TEXAS FOUNDATION §<br>§<br>*Plaintiff*, §<br>§<br>v. §<br>§<br>THE UNIVERSITY OF NORTH TEXAS, THE §<br>UNIVERSITY OF NORTH TEXAS SYSTEM, §<br>NEAL SMATRESK, PRESIDENT OF THE §<br>UNIVERSITY OF NORTH TEXAS and §<br>SHANNON GOODMAN, VICE PRESIDENT §<br>FOR ENROLLMENT OF THE UNIVERSITY §<br>OF NORTH TEXAS; §<br>*Defendants*. § | CIVIL ACTION NO. 4:20-CV-973<br>JUDGE SEAN D. JORDAN |

**PLAINTIFF'S RESPONSE TO THIS COURT'S ORDER TO SHOW CAUSE (DKT # 36)**

TO THE HONORABLE SEAN D. JORDAN:

On October 28, 2021, this Court held that Plaintiff had stated an official-capacity equitable claim under *Ex parte Young*, 209 U.S. 123 (1908) against Defendants Smatresk and Goodman (the "Named Defendants"). On November 10, 2021, this Court requested that Plaintiff show cause why the "Entity Defendants," the University of North Texas and the University of North Texas System, should not be dismissed, given that an *Ex parte Young* action is generally cognizable only against state officials in their official capacities.

As explained below, dismissal is not required because the Entity Defendants are proper parties. Moreover, because Defendants continue to insist (for unexplained reasons) that the Named Defendants are not proper parties for injunctive relief under *Ex Parte Young*, there is good cause not dismiss the Entity Defendants until that dispute is resolved in order to ensure that this Court maintains jurisdiction to hear the merits of this case.

However, if this Court concludes, or if Defendants stipulate, that the Named Defendants are proper parties under *Ex parte Young,* Plaintiffs do not oppose the dismissal of the Entity Defendants without prejudice.

I.  **THE ENTITY DEFENDANTS ARE PROPER PARTIES**

*Ex parte Young* consists of two major holdings. First, the Court concluded it had jurisdiction in equity to hear claims for injunctive relief to prevent the enforcement of an unconstitutional state law. 209 U.S. at 145. Second, the Court concluded that absent an explicit waiver of sovereign immunity[1] such claims must be brought against state officials in their official capacities because claims against the state directly were barred by sovereign immunity. *Id*. at 150-152. As a result of this second holding, equitable claims brought against a state entity directly in federal court should be dismissed.

But the second holding of *Ex parte Young* is not at issue here. The Texas legislature has expressly waived sovereign immunity for Plaintiff's claims in this case. As the Texas Supreme Court has repeatedly explained, "for claims challenging the validity of statutes, the Declaratory Judgment Act *requires* that the relevant governmental entities be made parties, and thereby waives immunity." *Patel v. Tex. Dep't of Licensing & Regulation*, 469 S.W.3d 69, 76 (Tex. 2015) (cleaned up, emphasis added) (citing, *Tex. Educ. Agency v. Leeper*, 893 S.W.2d 432, 446 (Tex. 1994); *Tex. Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 621-22 & n.3 (Tex. 2011).

Here, Plaintiff's claims were originally brought in state court under the Declaratory Judgment Act challenging the facial validity of a state statute administered by the Entity

---

[1] *Id.* at 153 (noting that a suit against state entity was permitted when the state had waived immunity for such suits by statute)

Defendants. As such, state law *required* that the Entity Defendants be made parties and therefore waived immunity. *Patel*, 469 S.W.3d at 76.

The fact that the Defendants voluntarily removed this case to federal court does not change the analysis. When "the State has explicitly waived sovereign immunity from state-court proceedings…" the government may not re-establish immunity by "remov[ing] a case from state court to federal court." *Wei-Ping Zeng v. Tex. Tech Univ. Health Sci. Ctr.*, 836 F. App'x 203, 207 (5th Cir. 2020) (citing *Lapides v. Bd. of Regents*, 535 U.S. 613, 620 (2002)). The Named Entities are therefore proper parties.

## II. DEFENDANT'S REFUSAL TO ADMIT THAT NAMED DEFENDANTS ARE PROPER PARTIES UNDER *EX PARTE YOUNG* MEANS THAT THE ENTITY DEFENDANTS ARE NECESSARY TO THIS CASE

Plaintiff agrees with this Court that the Named Defendants are proper parties under *Ex parte Young* and therefore their inclusion as defendants should be sufficient to adjudicate this case. However, Plaintiff cannot voluntarily dismiss the Entity Defendants because the government continues to insist (for reasons it has declined to explain) that the Named Defendants are not proper parties. Unless and until these arguments are resolved, Plaintiff cannot dismiss the Entity Defendants.

To be a proper defendant under *Ex parte Young*, a government official need only have "some connection" to the challenged law. *Air Evac EMS, Inc. v. Tex., Dep't of Ins., Div. of Workers' Comp.*, 851 F.3d 507, 519 (5th Cir. 2017). That burden is met if the named defendant oversees a program that applies the challenged law. *Id.* As this Court has already recognized, the Named Defendants appear to meet these criteria. Dkt. # 34, p. 11-12. Indeed, Defendant Goodman directly oversees the department at UNT that sets and assesses tuition for students—the very practice at

issue in this case. *See* Ex. 1 (UNT Workflow Chart); Ex. 2 (Goodman Bio). And Defendant Smatresk is the President of the University.

Despite these facts, Defendants have claimed that the Named Defendants are not proper parties. Plaintiff repeatedly reached out to Defendants asking that Defendants withdraw this argument or explain its basis. Defendants have refused. In fact, after this Court concluded that the Named Defendant's appeared to be proper parties, Plaintiff offered again to forgo discovery if Defendants would stipulate to the obvious fact that the Named Defendants have a connection to the challenged statute and are proper parties or provide the name of the proper party. Ex. 3. Defendants refused to do so and refused to explain their reasons, thus necessitating depositions of the Named Defendants on a truncated discovery timeline. Until this matter is resolved, the Entity Defendants must remain in this case.

## CONCLUSION

For the forgoing reasons, there is good cause not to dismiss the Entity Defendants from this case.

Respectfully submitted,

*/s/Chance Weldon*
ROBERT HENNEKE
Texas Bar No. 24046058
rhenneke@texaspolicy.com
CHANCE WELDON
Texas Bar No. 24076767
cweldon@texaspolicy.com
TEXAS PUBLIC POLICY FOUNDATION
901 Congress Avenue
Austin, Texas 78701
Telephone:    (512) 472-2700
Facsimile:    (512) 472-2728

*Attorneys for Plaintiff*

4

**CERTIFICATE OF SERVICE**

    I hereby certify that the foregoing document was electronically filed on November 15, 2021, with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                                    */s/Chance Weldon*
                                                    CHANCE WELDON