IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| YOUNG CONSERVATIVES OF TEXAS FOUNDATION,<br><br>*Plaintiff,*<br><br>v.<br><br>THE UNIVERSITY OF NORTH TEXAS, THE UNIVESITY OF NORTH TEXAS SYSTEM, NEAL SMATRESK, PRESIDENT OF THE UNIVERSITY OF NORTH TEXAS and SHANNON GOODMAN, VICE PRESIDENT FOR ENROLLMENT OF THE UNIVERSITY OF NORTH TEXAS,<br><br>*Defendant.* | § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 4:20-cv-00973 |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S RESPONSE TO THIS COURT'S ORDER TO SHOW CAUSE (DKTS # 36–37)**

Young Conservatives of Texas Foundation ("YCT") originally pled a claim under the Texas Declaratory Judgment Act to enforce section 1623 of the IIRIRA without any express or implied cause of action. As this Court previously stated (*see* Dkt. No. 22) and as explained in Defendants' reply brief (*see* Dkt. No. 29 at 1–3), the Texas Uniform Declaratory Judgment Act does not recognize a cause of action for YCT to enforce the immigration laws of the United States. UNT[1] maintains that the YCT's complaint did not properly state any cause of action—including an *Ex parte Young* claim for equitable relief. Notwithstanding this contention, to the extent the

---

[1] The Defendants are collectively referred to as "UNT" in this Response. Defendants The University of North Texas and the University of North Texas System are referred to as the "Entity Defendants." Defendants Smatresk and Goodman re referred to as the "Individual Defendants."

Court has held that YCT pled facts sufficient to sustain an *Ex parte Young* claim at this stage of the litigation, the Court has properly recognized that the Entity Defendants must be dismissed.

I.   **This Court has already reaffirmed that the Texas Uniform Declaratory Judgment Act does not create a private right of action.**

The law makes clear: the Declaratory Judgment Act "does not provide an additional cause of action with respect to the underlying claim." *Okpalobi v. Foster*, 244 F.3d 405, 424 n.31 (5th Cir. 2001). Despite this clear authority, YCT inexplicably continues to assert that the Texas Uniform Declaratory Judgment Act creates a cause of action against both the Individual and Entity UNT Defendants. The flaw in YCT's argument is manifest in its Response. YCT acknowledges that *Ex parte Young* has two essential holdings: the Supreme Court (1) recognized a cause of action in equity conferring jurisdiction to hear claims for injunctive relief to prevent the enforcement of an unconstitutional state law; and (2) created a limited waiver of immunity against state officials charged with enforcing unconstitutional state laws. *See* Pl. Resp. (Dkt. No. 37) at 3 (citing *Ex parte Young*, 209 U.S. 123, 150–152 (1908)). YCT appears to argue that because the Texas UDJA sometimes waives *immunity* for individuals to sue state entities, it also has stated a cause of action to maintain federal court jurisdiction. *See id.*

But the jurisdictional defects present at the outset of this litigation remain unchanged—YCT has not and cannot identify a cause of action to support its claim against the Entity Defendants. This Court has already correctly rejected YCT's position that the Texas Declaratory Judgment Act creates a private right of action in this case. *See* Mem. Op. and Order, Dkt. No. 22 As the Court has already explained:

> Young Conservatives **cannot** assert a "cause of action" under the Texas UDJA that would confer subject-matter jurisdiction in either federal or state court. Although the Texas UDJA is "sometimes termed a 'cause of action' colloquially," the declaratory relief provided by this statute "is more precisely a type of *remedy* that may be obtained with respect to a cause of action or other substantive right." *Craig*

> *v. Tejas Promotions, LLC*, 550 S.W.3d 287, 297–98 (Tex. App.—Austin 2018, pet. denied).

Dkt. No. 22 at 5 (bold emphasis added). Again, the Texas UDJA is "merely [] procedural device[s] for deciding cases already within a court's jurisdiction," *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 444 (Tex. 1993), and does not itself confer jurisdiction, *State v. Morales*, 869 S.W.2d 941, 947 (Tex. 1994). Accordingly, a claim for declaratory relief must be accompanied by "a cause of action at common law or under some statutory or constitutional provision." *City of Arlington v. Randall*, 301 S.W.3d 896, 908 (Tex. App.—Fort Worth 2009, pet. denied). *See also Air Evac EMS, Inc. v. Texas, et al.*, 851 F.3d 507, 512 (5th Cir. 2017) ("[T]he Declaratory Judgment Act do[es] not provide a 'private right of action.'") (quoting *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96 n.14 (1983)).

As detailed at length in Defendant's Motion to Dismiss (Dkt. No. 7) and Reply (Dkt. No. 29), there is no statutory basis for YCT's attempt to enforce Section 1623 of the Illegal Immigration Reform and Immigrant Responsibility Act. And to the extent this Court has allowed YCT to proceed under an *Ex parte Young* theory, such a claim can only be maintained against individual state officials, and not the Entity Defendants. *See Armstrong v. Exceptional Child Center, Inc.*, 575 U.S. 320, 326–27 (2015); *City of Austin v. Paxton*, 943 F.3d 993, 1003 (2019). The Entity Defendants must be dismissed.

**II.   The Entity Defendants must be dismissed irrespective of whether the UNT Officials are appropriate officials under *Ex parte Young*.**

YCT further asserts that the Court cannot dismiss the Entity Defendants "because the government continues to insist (for reasons it has declined to explain) that the Named Defendants are not proper parties." Pl. Resp. at 3. According to YCT, "Unless and until these arguments are resolved, Plaintiff cannot dismiss the Entity Defendants." *Id.* YCT provides no authority in support

of this proposition, because—like its purported cause of action under the Texas UDJA—it does not exist. The question of whether the UNT *officials* are proper *Ex parte Young* defendants is a core issue to be decided on the merits[2] and has no bearing on the question presented by this Court's show-cause order—whether the Entity Defendants are proper parties to this lawsuit. The Entity Defendants should be dismissed.

### III. Conclusion

YCT has failed to identify an express or implied, statutory or constitutional right of action with respect to the Entity Defendants. The Court should dismiss the University of North Texas and the University of North Texas System from this suit.

Date: November 23, 2021

Respectfully submitted,

By: */s/ Andy Taylor*
Andy Taylor
**ANDY TAYLOR & ASSOCIATES, P.C.**
Designated Lead Counsel
State Bar No. 19727600
ataylor@andytaylorlaw.com
2628 Highway 36 South #288
Brenham, Texas 77833
(713) 222-1817 – telephone
(713) 222-1855 – facsimile

-and-

**HUSCH BLACKWELL LLP**

By: */s/ Sandy Hellums-Gomez*
Sandy Hellums-Gomez
State Bar No. 2403670
Sandy.Gomez@HuschBlackwell.com

---

[2] Defendants re-assert their position that the UNT officials (President Smatresk and Vice President Goodman) are not proper officials under any theory, and reserve the right to develop this and other arguments stated in its motion to dismiss and reply brief in future motions.

4

Jeff Nobles
State Bar No. 15053050
Jeff.Nobles@HuschBlackwell.com
600 Travis Street, Suite 2350
Houston, Texas 77002
(713) 647-6800 – main telephone
(713) 647-6884 – general facsimile

-and-

Scott Schneider
State Bar No. 24054023
Scott.Schneider@HuschBlackwell.com
Paige Duggins-Clay
State Bar No. 24105825
Paige.Duggins-Clay@HuschBlackwell.com
111 Congress Avenue, Suite 1400
Austin, Texas 78701
(512) 472-5456 – main telephone
(512) 479-1101 – general facsimile

**ATTORNEYS FOR THE DEFENDANTS UNIVERSITY OF NORTH TEXAS, THE UNIVERSITY OF NORTH TEXAS SYSTEM, NEAL SMATRESK, PRESIDENT OF THE UNIVERSITY OF NORTH TEXAS, AND SHANNON GOODMAN, VICE PRESIDENT FOR ENROLLMENT OF THE UNIVERSITY OF NORTH TEXAS**

## CERTIFICATE OF SERVICE

I certify that a copy of this motion has been served upon the following on this the 23rd day of November, 2021:

Robert Henneke
rhenneke@texaspolicy.com
Chance Weldon
cweldon@texaspolicy.com
Joseph Aaron Barnes, Sr.
abarnes@texaspolicy.com
Texas Public Policy Foundation
901 Congress Avenue
Austin, Texas 78701
***Attorneys for Plaintiff***

By: */s/ Sandy Hellums-Gomez*
   Sandy Hellums-Gomez

5