IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| YOUNG CONSERVATIVES OF TEXAS FOUNDATION<br>*Plaintiff*,<br><br>v.<br><br>THE UNIVERSITY OF NORTH TEXAS, THE UNIVERSITY OF NORTH TEXAS SYSTEM, NEAL SMATRESK, PRESIDENT OF THE UNIVERSITY OF NORTH TEXAS and SHANNON GOODMAN, VICE PRESIDENT FOR ENROLLMENT OF THE UNIVERSITY OF NORTH TEXAS;<br>*Defendants*. | § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 4:20-CV-973<br><br>JUDGE SEAN D. JORDAN |

**PLAINTIFF'S REPLY IN RESPONSE TO THIS COURT'S ORDER TO SHOW CAUSE (DKT # 36)**

TO THE HONORABLE SEAN D. JORDAN:

Defendants' Response misunderstands YCT's claims and the question presented. This Court already held that YCT properly pled claims in equity against the Named Defendants under *Ex parte Young,* 209 U.S. 123 (1908). The question currently presented by this Court is whether those claims may also go forward against the Entity Defendants. Dkt # 36. As explained in YCT's Response to this Court's Order, that question turns solely on whether the Entity Defendants have sovereign immunity. Dkt # 37, p. 2. Defendants do not address this question, instead relitigating their motion to dismiss and fighting straw men.

First, Defendants insists that YCT needs a cause of action to challenge an unconstitutional state law. Dkt # 42, p. 1. But this is simply an attempt to relitigate Defendants' failed motion to dismiss. As this Court has already recognized, YCT's claims arise *in equity*, and therefore no cause of action is necessary.

1

Second, Defendants claim that YCT "continues to assert that the [UDJA] creates a cause of action..." Dkt # 42, p. 2. But YCT's Response does not claim that the UDJA creates a "cause of action." This Court has already ruled on the matter. Instead, YCT claims that the UDJA: (1) provides a waiver of sovereign immunity for challenges to state statutes; (2) provides an additional remedy for equitable claims over which a state court *would otherwise have jurisdiction*; (3) provided a proper mechanism for YCT to bring equitable claims in state court; (4) required that YCT join the Entity Defendants as parties, thus waiving their immunity; and (5) that Defendants may not circumvent the UDJA's waiver of immunity by removing a case to federal court.  Dkt # 37, p. 2-3 (citing *Lapides v. Bd. of Regents*, 535 U.S. 613, 620 (2002); *Wei-Ping Zeng v. Tex. Tech Univ. Health Sci. Ctr.*, 836 F. App'x 203, 207 (5th Cir. 2020); *Patel v. Tex. Dep't of Licensing & Regulation*, 469 S.W.3d 69, 76 (Tex. 2015); *Tex. Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 621-22 & n.3 (Tex. 2011); *Tex. Educ. Agency v. Leeper*, 893 S.W.2d 432, 446 (Tex. 1994))

Because Defendants do not address any of these arguments or cases, their Response provides no basis to reject YCT's arguments that the Entity Defendants should not be dismissed.

        Respectfully submitted,

        */s/Chance Weldon*
        ROBERT HENNEKE
        Texas Bar No. 24046058
        rhenneke@texaspolicy.com
        CHANCE WELDON
        Texas Bar No. 24076767
        cweldon@texaspolicy.com
        TEXAS PUBLIC POLICY FOUNDATION
        901 Congress Avenue
        Austin, Texas 78701
        Telephone:   (512) 472-2700
        Facsimile:    (512) 472-2728

        *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was electronically filed on November 24, 2021, with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/Chance Weldon*
CHANCE WELDON