## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| **YOUNG CONSERVATIVES OF TEXAS FOUNDATION** | § § § | |
| *Plaintiff,* | § § | |
| | § | **CIVIL ACTION NO. 4:20-cv-00973** |
| **v.** | § § | |
| **THE UNIVERSITY OF NORTH TEXAS, THE UNIVESITY OF NORTH TEXAS SYSTEM, NEAL SMATRESK, PRESIDENT OF THE UNIVERSITY OF NORTH TEXAS and SHANNON GOODMAN, VICE PRESIDENT FOR ENROLLMENT OF THE UNIVERSITY OF NORTH TEXAS,** | § § § § § § § § § | |
| *Defendant.* | § § | |

## DEFENDANTS' FIRST INTERROGATORIES TO PLAINTIFF

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendants, The University of North Texas; The University of North Texas System; Neal Smatresk, President of the University of North Texas; and Shannon Goodman, Vice President for Enrollment of the University of North Texas (collectively "UNT"),  through its undersigned counsel, requests that Plaintiff Young Conservatives of Texas Foundation answer the following Interrogatories within 30 days of service of this document.

## DEFINITIONS

1.      "Plaintiff," "YCT," "you," or "your" means Plaintiff Young Conservatives of Texas Foundation, plaintiff in the above-styled lawsuit, including all agents, counsel,

representatives, consultants, experts, investigators, or other persons acting on Plaintiff's behalf or representing Plaintiff in any capacity or for any purpose.

2.      "Defendants" or "UNT" means and refers to The University of North Texas; The University of North Texas System; Neal Smatresk, President of the University of North Texas; and Shannon Goodman, Vice President for Enrollment of the University of North Texas, Defendants in the above-styled lawsuit, including all agents, employees, representatives, consultants, attorneys, experts, investigators, subsidiaries and/or affiliates or other persons subject to Defendants' control or representing Defendants in any capacity or for any purpose.

3.      "Lawsuit" refers to the case styled *Young Conservatives of Texas Foundation v. The University of North Texas et al.*, Civ. Action No. 4:20-cv-00973 in the United States District Court for the Eastern District of Texas, Sherman Division.

4.      "Original Petition" or "Complaint" means the "Original Petition and Request for Disclosure" filed in Denton County state district court, Cause No. 20-9524-442, and filed as docket No. 7 in this Lawsuit.

5.      "Person" or "individual," means and includes: (1) any natural person, public or private corporation, partnership, proprietorship, joint venture, organization, association, group, company, institution, firm, governmental body, or other legal entity; (2) any parent, subsidiary division, or department thereof; and (3) any agent, employee, officer, director, or other representative thereof.

6.      "Document" means, without otherwise limiting the generality of its meaning as set forth in Federal Rule of Civil Procedure 34, any embodiment or recordation of thoughts, ideas, concepts, or expressions, and includes, but is not limited to: (1) all writings, including correspondence, letters, telegrams, telexes, teletypes, cables, contracts, mortgages, agreements,

loan files, notes, drafts, memoranda (including inter-office communications), wire advices, log books, press releases, speeches, records, reports, appraisals, diary entries, graphs, charts, tables, blueprints, polls, surveys, tests, analyses, projections, articles, books, booklets, manuals, journals, pamphlets, newspapers, magazines, photographs, minutes, invoices, ledgers, checks, work papers, summaries, evaluations, desk calendars, appointment books, and notices; (2) all audio or visual recordings, including photographs, paintings, sketches, tape recordings, x-ray films, movies, and holographs; (3) all electronically stored information, as that term is used in the Federal Rules of Civil Procedure, including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained either directly or, if necessary, after translation by you into a reasonably usable form, including but not limited to electronic mail, word processing documents, instant messages, text messages, audio and visual files, and voice mail; and (4) all physical representations, including models, printing plates, and molds. For the purpose of this definition, each non-identical version of a document, including, but not limited to, drafts, copies bearing handwritten or other marks, notations, or stamps, or variations, is considered a separate document.

7.     "Communication" means any utterance or written notation, or statement of any nature whatsoever, by and to whomsoever made, including, but not limited to, conversations, dialogues, discussions, interviews, consultations, negotiations, correspondence, agreements, emails, text messages, and other understandings or transmission of any information, no matter how transmitted, between or among two or more persons.

8.     "Relate," "related," "relating," "refer," and "referring" are intended in their broadest meaning, including, without limitation, the following concepts: anything that embodies, comprises, consists of, reflects, identifies, states, refers to, comments on, supports, responds

3

to, describes, analyzes, contains  information concerning, or has any factual or logical connection to the subject matter mentioned. The terms are not restricted  in the notion of legal relevance for the purposes of admissibility of evidence at trial.

9.     Wherever the word "including" appears, the meaning intended is "including, but not limited to."

10.    "Identify" means:

a.     when used in reference to a "person," to provide (i) with regard to a natural person his or her full name, the person's present or last known address, all known email addresses and telephone numbers, and the person's present or past relationship or capacity, if any, with any party to this lawsuit; and (ii) with regard to a corporation or other non-natural person the name of the person, a description of the person (e.g. corporation, partnership, etc.), and its present or last known address and telephone numbers.

b.     when used in reference to a "document," to state (i) the type, character, and substance of the document, and to identify all persons who participated in the creation of the document, who signed the document, and who are known to have seen the document or been advised of its contents; (ii) the current location of the document and all known copies and identify all natural persons who have possession or control of the document or copies; and (iii) the Bates-stamped label of the documents as produced.

c.     when used in reference to a "communication," to state the nature of the communication (*e.g.*, written correspondence, telephone conversation, conversation in person, etc.) and the date of the communication, to identify all persons who participated in, or witnessed, the communication, to state the substance of the communication, and to identify all documents in which such communication was recorded, described, or referred to.

11.     When an interrogatory requires you to "state the basis of" a particular claim, allegation, defense, theory, or position, describe each fact upon which you rely to establish the validity of such claim, allegation, defense, theory, or position. Your response shall include, but is not limited to, the identification of each fact, person, document, communication, or legal theory tending to support the claim, allegation, defense, theory, or position.

12.     The word "any" shall include the collective as well as the singular and shall mean "each," "all," and "every" and these terms are interchangeable.

13.     Wherever the word "including" appears, the meaning intended is "including, but not limited to."

14.     The plural includes the singular and vice versa.

15.     The masculine includes the feminine and vice versa.

## INSTRUCTIONS

1.     Pursuant to Federal Rule of Civil Procedure 33, these Interrogatories are continuing in nature to the extent provided by law and if, after responding, Plaintiff obtains or becomes aware of further information or documents that should have been included in the responses if Plaintiff had been aware of the information or documents at the time of the original response, Plaintiff is requested to promptly make a supplemental response.

2.     With respect to any documents which Plaintiff withholds on a claim of privilege, please provide a written list of the withheld documents that includes the following information as to each such document in a manner sufficient to apprise Defendant of the existence and nature of the information withheld and to provide the court a reasonable basis on which to rule on the merits of the claim of privilege:

a.     Its date (if any);

b.  The name(s) and job title(s) or capacity(ies) of the provider(s) of the information or author(s) of the document;

c.  The name(s) and job title(s) or capacity(ies) of each recipient of the information or document;

d.  The date the information was learned or the document was prepared and, if different, the date(s) on which it was sent to or shared with persons other than its provider(s) or author(s);

e.  The name(s) of the person(s) or other entity(ies) to whom the information or document is addressed; and

f.  The name(s) of the person(s) or other entity(ies) to whom the information or document or any copy or reproduction thereof was ever directed, addressed, sent, delivered, mailed, given, or in any other manner disclosed; and

g.  The statute, rule, or decision on which the claim of privilege is based. With regard to any information or documents which Plaintiff believes to have been lost, mutilated, or destroyed, Plaintiff is requested to state the last person who possessed the document or information, the date on which it was last seen or known, the last known location, and the date, if known, of destruction.

## **INTERROGATORIES**

1.      Identify each and every individual (as defined above) who has assisted you with preparing

your responses to these interrogatories.

**RESPONSE:**


2.      Identify each of the current members of YCT's University of North Texas Chapter,

including full name, mailing address(es) (current and permanent), email address, telephone

number, dates of attendance, expected graduation date, Texas residency status, and (if not

Texas) state of permanent residence.

**RESPONSE:**


3.      Identify each and every one of your members who are non-resident students at UNT and

directly harmed by Texas Education Code § 54.051(d) as alleged in paragraph 1 of your

Original Petition, including full name, mailing address(es) (current and permanent), email

address, telephone number, dates of attendance, expected graduation date, Texas residency

status, and (if not Texas) state of permanent residence.

**RESPONSE:**


4.      Identify YCT members who are unlawfully charged non-resident tuition and state the basis

for that contention, including full name, mailing address(es) (current and permanent), email

address, telephone number, dates of attendance, expected graduation date, Texas residency

status, and (if not Texas) state of permanent residence.

**RESPONSE:**

5.      Explain the basis for your assertion that the UNT Defendants charge aliens who are not lawfully present in the United States lower tuition than non-resident citizens, as alleged in paragraph 20 of your Original Complaint.

**RESPONSE:**

6.      Identify and explain the basis for calculating any and all economic injuries allegedly suffered by YCT members.

**RESPONSE:**

7.      Provide a breakdown of all alleged economic damages suffered by YCT's members resulting from the application of Texas Education Code § 54.051(d), as described in paragraphs 1 and 18 of your Original Petition.

**RESPONSE:**

8.      Explain how the requirement to pay nonresident tuition under Section 54.051(d) inflicts imminent, irreparable harm on Plaintiff, as alleged in paragraph 39 of your Original Petition.

**RESPONSE:**

9.      Identify and describe the official actions you seek enjoinment of against the UNT Defendants.

**RESPONSE:**

10. Explain how an injunction against the UNT Defendants would redress the alleged harm caused by application of Texas Education Code § 54.051(d) to YCT's members, as alleged in Paragraph 44 of your Original Petition.

**<u>RESPONSE:</u>**


11. Identify and explain the specific terms of the injunction you seek against the UNT Defendants.

**<u>RESPONSE:</u>**


12. Explain how an injunction against UNT officials will advance the principles of constitutional governance, as alleged in paragraph 19 of your Original Petition.

**<u>RESPONSE:</u>**


13. Explain how an injunction against UNT officials will lower tuition costs, as alleged in paragraph 19 of your original petition.

**<u>RESPONSE:</u>**


14. Explain how an injunction against UNT officials will expand access to the American dream for United States citizens, as alleged in paragraph 19 of your Original Petition.

**<u>RESPONSE:</u>**

15. Identify and explain all YCT organizational resources impacted by the application of Texas Education Code § 54.051(d) to your members, as described in paragraphs 1 and 19–22 of your Original Petition.

**RESPONSE:**

16. Explain how Plaintiff's "organizational efforts to combat the requirement for certain United States citizens to pay more in tuition than resident aliens who are not lawfully present in the United States has resulted in a drain on the organization's resources," as alleged in paragraph 21 of your Original Petition.

**RESPONSE:**

17. Identify in dollar amounts the organizational resources allocated for advocacy on policy related to higher education tuition, specifying the dollar amounts for each advocacy activity and/or expenditure.

**RESPONSE:**

18. Explain the basis for your contention that "Plaintiff's efforts to combat the requirement for certain United States citizens to pay more in tuition than resident aliens who are not lawfully present in the United States impose a unique injury on Plaintiff that is distinct from injuries suffered by the general public," as alleged in paragraph 22 of your Original Petition.

**RESPONSE:**

Respectfully submitted,

By: */s/ Andy Taylor*
Andy Taylor
**ANDY TAYLOR & ASSOCIATES, P.C.**
Designated Lead Counsel
State Bar No. 19727600
ataylor@andytaylorlaw.com
2628 Highway 36 South #288
Brenham, Texas 77833
(713) 222-1817 – telephone
(713) 222-1855 – facsimile

-and-

**HUSCH BLACKWELL LLP**

By: */s/ Sandy Hellums-Gomez*
Sandy Hellums-Gomez
State Bar No. 2403670
Sandy.Gomez@HuschBlackwell.com
Jeff Nobles
State Bar No. 15053050
Jeff.Nobles@HuschBlackwell.com
600 Travis Street, Suite 2350
Houston, Texas 77002
(713) 647-6800 – main telephone
(713) 647-6884 – general facsimile

-and-

Scott Schneider
State Bar No. 24054023
Scott.Schneider@HuschBlackwell.com
Paige Duggins-Clay
State Bar No. 24105825
Paige.Duggins-Clay@huschblackwell.com
111 Congress Avenue, Suite 1400
Austin, Texas 78701
(512) 472-5456 – main telephone
(512) 479-1101 – general facsimile

**ATTORNEYS FOR THE DEFENDANTS UNIVERSITY OF NORTH TEXAS, THE UNIVERSITY OF NORTH TEXAS SYSTEM, NEAL SMATRESK, PRESIDENT OF THE UNIVERSITY OF NORTH TEXAS, AND SHANNON GOODMAN, VICE PRESIDENT FOR**

11

ENROLLMENT OF THE UNIVERSITY OF
NORTH TEXAS

## CERTIFICATE OF SERVICE

I certify that a copy of this motion has been served upon the following on this the 12th day of November, 2021:

Robert Henneke
rhenneke@texaspolicy.com
Chance Weldon
cweldon@texaspolicy.com
Joseph Aaron Barnes, Sr.
abarnes@texaspolicy.com
Texas Public Policy Foundation
901 Congress Avenue
Austin, Texas 78701
***Attorneys for Plaintiff***

By: */s/ Sandy Hellums-Gomez*
     Sandy Hellums-Gomez

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **YOUNG CONSERVATIVES OF TEXAS FOUNDATION** | § § § | |
| *Plaintiff*, | § § | |
| | § | **CIVIL ACTION NO. 4:20-cv-00973** |
| **v.** | § § | |
| **THE UNIVERSITY OF NORTH TEXAS, THE UNIVESITY OF NORTH TEXAS SYSTEM, NEAL SMATRESK, PRESIDENT OF THE UNIVERSITY OF NORTH TEXAS and SHANNON GOODMAN, VICE PRESIDENT FOR ENROLLMENT OF THE UNIVERSITY OF NORTH TEXAS,** | § § § § § § § § § | |
| *Defendant*. | § § | |

---

**DEFENDANTS' FIRST REQUEST FOR PRODUCTION TO PLAINTIFF**

---

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants, The University of North Texas; The University of North Texas System; Neal Smatresk, President of the University of North Texas; and Shannon Goodman, Vice President for Enrollment of the University of North Texas (collectively "UNT"), through their undersigned counsel, requests that Plaintiff Young Conservatives of Texas Foundation produce the following documents at the mailing address of or via email to undersigned counsel.

## **DEFINITIONS**

16.    "Plaintiff," "YCT," "you," or "your" means Plaintiff Young Conservatives of Texas Foundation, plaintiff in the above-styled lawsuit, including all agents, counsel,

representatives, consultants, experts, investigators, or other persons acting on Plaintiff's behalf or representing Plaintiff in any capacity or for any purpose.

17.     "Defendants" or "UNT" means and refers to The University of North Texas; The University of North Texas System; Neal Smatresk, President of the University of North Texas; and Shannon Goodman, Vice President for Enrollment of the University of North Texas, Defendants in the above-styled lawsuit, including all agents, employees, representatives, consultants, attorneys, experts, investigators, subsidiaries and/or affiliates or other persons subject to Defendants' control or representing Defendants in any capacity or for any purpose.

18.     "Lawsuit" refers to the case styled *Young Conservatives of Texas Foundation v. The University of North Texas et al.*, Civ. Action No. 4:20-cv-00973 in the United States District Court for the Eastern District of Texas, Sherman Division.

19.     "Original Petition" or "Complaint" means the "Original Petition and Request for Disclosure" filed in Denton County state district court, Cause No. 20-9524-442, and filed as docket No. 7 in this Lawsuit.

20.     "Person" or "individual," means and includes: (1) any natural person, public or private corporation, partnership, proprietorship, joint venture, organization, association, group, company, institution, firm, governmental body, or other legal entity; (2) any parent, subsidiary division, or department thereof; and (3) any agent, employee, officer, director, or other representative thereof.

21.     "Document" means, without otherwise limiting the generality of its meaning as set forth in Federal Rule of Civil Procedure 34, any embodiment or recordation of thoughts, ideas, concepts, or expressions, and includes, but is not limited to: (1) all writings, including correspondence, letters, telegrams, telexes, teletypes, cables, contracts, mortgages, agreements,

loan files, notes, drafts, memoranda (including inter-office communications), wire advices, log books, press releases, speeches, records, reports, appraisals, diary entries, graphs, charts, tables, blueprints, polls, surveys, tests, analyses, projections, articles, books, booklets, manuals, journals, pamphlets, newspapers, magazines, photographs, minutes, invoices, ledgers, checks, work papers, summaries, evaluations, desk calendars, appointment books, and notices; (2) all audio or visual recordings, including photographs, paintings, sketches, tape recordings, x-ray films, movies, and holographs; (3) all electronically stored information, as that term is used in the Federal Rules of Civil Procedure, including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained either directly or, if necessary, after translation by you into a reasonably usable form, including but not limited to electronic mail, word processing documents, instant messages, text messages, audio and visual files, and voice mail; and (4) all physical representations, including models, printing plates, and molds. For the purpose of this definition, each non-identical version of a document, including, but not limited to, drafts, copies bearing handwritten or other marks, notations, or stamps, or variations, is considered a separate document.

22.     "Communication" means any utterance or written notation, or statement of any nature whatsoever, by and to whomsoever made, including, but not limited to, conversations, dialogues, discussions, interviews, consultations, negotiations, correspondence, agreements, emails, text messages, and other understandings or transmission of any information, no matter how transmitted, between or among two or more persons.

23.     The word "any" shall include the collective as well as the singular and shall mean "each," "all," and "every" and these terms are interchangeable.

24.     "Relate," "related," "relating," "refer," and "referring" are intended in their broadest meaning, including, without limitation, the following concepts: anything that embodies, comprises, consists of, reflects, identifies, states, refers to, comments on, supports, responds to, describes, analyzes, contains information concerning, or has any factual or logical connection to the subject matter mentioned. The terms are not restricted in the notion of legal relevance for the purposes of admissibility of evidence at trial.

25.     Wherever the word "including" appears, the meaning intended is "including, but not limited to."

26.     The plural includes the singular and vice versa.

27.     The masculine includes the feminine and vice versa.

## **INSTRUCTIONS**

1.     The documents requested shall be produced at the offices of Husch Blackwell LLP or transmitted via email or secure electronic file transfer to the undersigned counsel.

2.     These Requests for Production are continuing in nature to the extent provided by law and if, after responding, Plaintiff obtains or becomes aware of further information or documents that should have been included in the responses if Plaintiff had been aware of the information or documents at the time of the original response, Plaintiff is requested to promptly make a supplemental response.

3.     If you have no documents responsive to a particular request, so state and identify such request.

4.     With regard to any document responsive to any request which Plaintiff believes to have been lost, mutilated, or destroyed, so state and identify each such document, state the last person who possessed the document, the date on which it was last seen, the last known location,

and the date, if known, of destruction, and state to which request(s) the document would have been responsive.

5.      With regard to any documents which Plaintiff withholds on a claim of privilege, please provide a written list of the withheld documents that includes the following information as to each such document in a manner sufficient to apprise Defendant of the existence and nature of the information withheld and to provide the court a reasonable basis on which to rule on the merits of the claim of privilege:

    a.  Its date (if any);

    b.  The name(s) and job title(s) or capacity(ies) of the provider(s) of the information or author(s) of the document;

    c.  The name(s) and job title(s) or capacity(ies) of each recipient of the information or document;

    d.  The date the information was learned or the document was prepared and, if different, the date(s) on which it was sent to or shared with persons other than its provider(s) or author(s);

    e.  The name(s) of the person(s) or other entity(ies) to whom the information or document is addressed; and

    f.  The name(s) of the person(s) or other entity(ies) to whom the information or document or any copy or reproduction thereof was ever directed, addressed, sent, delivered, mailed, given, or in any other manner disclosed; and

    g.  The statute, rule, or decision on which the claim of privilege is based.

6.      To the extent that any information or materials responsive to these Requests exists within a computer or on a computer-recorded medium including, but not necessarily limited to,

electronic communications or electronic or magnetic data, please reduce the information to digital images (either .tif or .pdf file formats) and provide the native electronic medium with a description of the application necessary to open and review the information or materials. If responsive materials are provided as images, all load files created during the imaging process must also be produced. Text information and materials may be produced in Word format. Spreadsheet and graphic information may be produced in Excel and Power Point format. If available, produce imaged documents in the Group IV TIFF image format which bears the file extension .tif or as a .pdf file.

## **REQUESTS FOR PRODUCTION**

1. Produce all documents identified in, referred to, considered, reviewed, relied on, or used in preparing your answers to Defendant's First Set of Interrogatories to Plaintiff or that evidence, describe, or refer to any facts stated in response to those interrogatories.

   **RESPONSE:**


2. Produce any and all written statements you have obtained from any individual regarding their knowledge of the facts relevant to this lawsuit.

   **RESPONSE:**


3. Produce all documents received from any third party, whether by subpoena or otherwise, which concern or relate to the claims or allegations in this Lawsuit.

   **RESPONSE:**

4.  Produce all documents and communications constituting a membership list and/or directory information for all current members of YCT's University of North Texas Chapter.

   **RESPONSE:**

5.  Produce all documents and communications relating to your contention that the UNT Defendants charge resident aliens who are not lawfully present in the United States lower tuition than non-resident citizens, as alleged in paragraph 20 of your Original Complaint.

   **RESPONSE:**

6.  Produce all documents relating to YCT's operational budget and expenditures for the last five fiscal years.

   **RESPONSE:**

7.  Produce all documents evidencing the "drain" on YCT's organizational resources, as alleged in paragraph 22 of your Original Petition.

   **RESPONSE:**

8.  Produce all documents evidencing YCT's expenditures for advocacy on policy related to "organizational efforts to combat the requirement for certain United States citizens to pay more in tuition than resident aliens who are not lawfully present in the United States," as described in paragraphs 20–22 of your Original Petition.

   **RESPONSE:**

Respectfully submitted,

By: */s/ Andy Taylor*  
Andy Taylor  
**ANDY TAYLOR & ASSOCIATES, P.C.**  
Designated Lead Counsel  
State Bar No. 19727600  
ataylor@andytaylorlaw.com  
2628 Highway 36 South #288  
Brenham, Texas 77833  
(713) 222-1817 – telephone  
(713) 222-1855 – facsimile  

-and-

**HUSCH BLACKWELL LLP**

By: */s/ Sandy Hellums-Gomez*  
Sandy Hellums-Gomez  
State Bar No. 2403670  
Sandy.Gomez@HuschBlackwell.com  
Jeff Nobles  
State Bar No. 15053050  
Jeff.Nobles@HuschBlackwell.com  
600 Travis Street, Suite 2350  
Houston, Texas 77002  
(713) 647-6800 – main telephone  
(713) 647-6884 – general facsimile  

-and-

Scott Schneider  
State Bar No. 24054023  
Scott.Schneider@HuschBlackwell.com  
Paige Duggins-Clay  
State Bar No. 24105825  
Paige.Duggins-Clay@huschblackwell.com  
111 Congress Avenue, Suite 1400  
Austin, Texas 78701  
(512) 472-5456 – main telephone  
(512) 479-1101 – general facsimile  

**ATTORNEYS FOR THE DEFENDANTS**

20

**UNIVERSITY OF NORTH TEXAS, THE UNIVERSITY OF NORTH TEXAS SYSTEM, NEAL SMATRESK, PRESIDENT OF THE UNIVERSITY OF NORTH TEXAS, AND SHANNON GOODMAN, VICE PRESIDENT FOR ENROLLMENT OF THE UNIVERSITY OF NORTH TEXAS**

## CERTIFICATE OF SERVICE

I certify that a copy of this motion has been served upon the following on this the 12th day of November, 2021:

Robert Henneke
rhenneke@texaspolicy.com
Chance Weldon
cweldon@texaspolicy.com
Joseph Aaron Barnes, Sr.
abarnes@texaspolicy.com
Texas Public Policy Foundation
901 Congress Avenue
Austin, Texas 78701
***Attorneys for Plaintiff***

By: */s/ Sandy Hellums-Gomez*
Sandy Hellums-Gomez