# Exhibit A

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| YOUNG CONSERVATIVES OF TEXAS FOUNDATION §<br>§<br>*Plaintiff*, §<br>§<br>v. §<br>§<br>THE UNIVERSITY OF NORTH TEXAS, THE §<br>UNIVERSITY OF NORTH TEXAS SYSTEM, §<br>NEAL SMATRESK, PRESIDENT OF THE §<br>UNIVERSITY OF NORTH TEXAS and §<br>SHANNON GOODMAN, VICE PRESIDENT §<br>FOR ENROLLMENT OF THE UNIVERSITY §<br>OF NORTH TEXAS; §<br>*Defendants*. § | CIVIL ACTION NO. 4:20-CV-973<br>JUDGE SEAN D. JORDAN |

**PLAINTIFF'S RESPONSES TO DEFENDANTS' FIRST INTERROGATORIES**

Pursuant to the Federal Rules of Civil Procedure, Plaintiff Young Conservatives of Texas Foundation (YCT) by and through its counsel serves the following responses to Defendants, The University of North Texas; The University of North Texas System; Neal Smatresk, President of the University of North Texas; and Shannon Goodman, Vice President for Enrollment of the University of North Texas (collectively "UNT").

Respectfully submitted,

*/s/Chance Weldon*
CHANCE WELDON
Texas Bar No. 24076767
cweldon@texaspolicy.com
ROBERT HENNEKE
Texas Bar No. 24046058
rhenneke@texaspolicy.com
CHRISTIAN TOWNSEND
Maryland Bar No. 2012180144
ctownsend@texaspolicy.com
TEXAS PUBLIC POLICY FOUNDATION

901 Congress Avenue
Austin, Texas 78701
Telephone:	(512) 472-2700
Facsimile:	(512) 472-2728

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document was electronically served on December 13, 2021, via email to all counsel of record.

*/s/Chance Weldon*
CHANCE WELDON

2

# INTERROGATORIES

1. Identify each and every individual (as defined above) who has assisted you with preparing your responses to these interrogatories.

   **RESPONSE:** Plaintiff was assisted by counsel.

2. Identify each of the current members of YCT's University of North Texas Chapter, including full name, mailing address(es) (current and permanent), email address, telephone number, dates of attendance, expected graduation date, Texas residency status, and (if not Texas) state of permanent residence.

   **RESPONSE:** Plaintiff objects that this request is unduly broad, overly burdensome, harassing, irrelevant, and not tailored to the needs of this case. Moreover, this request attempts to solicit private membership information in violation YCT's First Amendment rights, and no response is required. Subject to and without waiving these objections, Plaintiff will produce the far more limited information necessary to establish standing under a protective order appropriate to this case.

3. Identify each and every one of your members who are non-resident students at UNT and directly harmed by Texas Education Code § 54.051(d) as alleged in paragraph 1 of your Original Petition, including full name, mailing address(es) (current and permanent), email address, telephone number, dates of attendance, expected graduation date, Texas residency status, and (if not Texas) state of permanent residence.

   **RESPONSE:** Plaintiff objects that this request is unduly broad, overly burdensome, harassing, irrelevant, and not tailored to the needs of this case. Moreover, this request attempts to solicit private membership information in violation YCT's First Amendment rights, and no response is required. Subject to and without waiving these objections,

        Plaintiff will produce the far more limited information necessary to establish standing under a protective order appropriate to this case.

4. Identify YCT members who are unlawfully charged non-resident tuition and state the basis for that contention, including full name, mailing address(es) (current and permanent), email address, telephone number, dates of attendance, expected graduation date, Texas residency status, and (if not Texas) state of permanent residence.

    **RESPONSE:** Plaintiff objects that this request is unduly broad, overly burdensome, harassing, irrelevant, and not tailored to the needs of this case. Moreover, this request attempts to solicit private membership information in violation YCT's First Amendment rights, and no response is required. Subject to and without waiving these objections, Plaintiff will produce the far more limited information necessary to establish standing under a protective order appropriate to this case.

5. Explain the basis for your assertion that the UNT Defendants charge aliens who are not lawfully present in the United States lower tuition than non-resident citizens, as alleged in paragraph 20 of your Original Complaint.

    **RESPONSE:** Plaintiff objects that the basis of this contention is clear from the face of the complaint and the other pleadings currently on file in this case, which are equally available to the Defendants and incorporated here by reference. To the extent further explanation is necessary, Plaintiff notes that state law defines residency in such a way that allows aliens who are not lawfully present in the United States to qualify as residents for tuition purposes, and UNT has made clear that its admission policies comply with state law. UNT also provides instructions on its website explicitly inviting undocumented immigrants to apply

4

for resident tuition. Plaintiff also notes that discovery is ongoing and reserves the right to supplement this answer.

6. Identify and explain the basis for calculating any and all economic injuries allegedly suffered by YCT members.

   **RESPONSE:** It is undisputed that the cost of attendance for resident students at UNT is lower than that for non-resident students. YCT has members that are united states citizens forced to pay non-resident tuition.

7. Provide a breakdown of all alleged economic damages suffered by YCT's members resulting from the application of Texas Education Code § 54.051(d), as described in paragraphs 1 and 18 of your Original Petition.

   **RESPONSE:** Plaintiff objects that this request is unduly broad, overly burdensome, harassing, irrelevant, and not tailored to the needs of this case. Plaintiff is not seeking damages in this case, and it is undisputed that non-resident tuition is more expensive than resident tuition, which is sufficient to establish injuries for standing. Moreover, this request attempts to solicit YCT's private membership information in violation YCT's First Amendment rights, and no response is required.

8. Explain how the requirement to pay nonresident tuition under Section 54.051(d) inflicts imminent, irreparable harm on Plaintiff, as alleged in paragraph 39 of your Original Petition.

   **RESPONSE:** Plaintiff objects that the answer to this question is clear from the face of the complaint and Plaintiff's other pleadings in this case which are equally available to Defendants and incorporated here by reference. To the extent further explanation is needed,

5

requiring YCT's members to pay nonresident tuition under Section 54.051(d) is unconstitutional. Violations of Constitutional rights are *per se* irreparable harm. Moreover, the cost of non-resident tuition is significantly more expensive than resident tuition. Due to sovereign immunity, these increased costs will likely be unrecoverable and therefore irreparable.

9. Identify and describe the official actions you seek enjoinment of against the UNT Defendants.

    **RESPONSE:** Plaintiff objects that the answer to this question is clear from the face of the complaint and Plaintiff's other pleadings in this case which are equally available to Defendants and incorporated here by reference. To the extent further explanation is needed Plaintiff seeks to enjoin Defendants, as well as any and all agents, administrators, employees, and other persons acting on behalf of Defendants, from applying Section 54.05 1 (d), or taking any action based on Section 54.05 1 (d), to assess higher tuition to non-resident students than resident students.

10. Explain how an injunction against the UNT Defendants would redress the alleged harm caused by application of Texas Education Code § 54.051(d) to YCT's members, as alleged in Paragraph 44 of your Original Petition.

    **RESPONSE:** It would prevent UNT from unlawfully assessing tuition and fees against YCT's members in violation of the Constitution.

11. Identify and explain the specific terms of the injunction you seek against the UNT Defendants.

**RESPONSE:** Plaintiff objects that the answer to this question is clear from the face of the complaint and Plaintiff's other pleadings in this case which are equally available to Defendants and incorporated here by reference. To the extent further explanation is needed Plaintiff seeks:

a. A declaration that Section 54.051(d) of the Texas Education Code, as applied to United States citizens, is unconstitutional because it is preempted by federal law, invalid, and of no force or effect;

b. A declaration that the legal determinations and resulting actions taken by Defendant Smatresk or Defendant Goodman in charging nonresident tuition to United States citizens are incompatible with federal law and thus without legal authority, invalid, and of no force or effect;

c. An injunction against Defendants, as well as any and all agents, administrators, employees, and other persons acting on behalf of Defendants, enjoining the application of Section 54.05 1(d) of the Texas Education Code to United States citizens;

d. An award to Plaintiff of its attorneys' fees and reasonable costs; and

e. All other and further relief that the Court may deem proper in law or equity.

12. Explain how an injunction against UNT officials will advance the principles of constitutional governance, as alleged in paragraph 19 of your Original Petition.

**RESPONSE:** Plaintiff seeks to enjoin the enforcement of an unconstitutional law with a direct impact on YCT, its members, and its policy goals. Enjoining unconstitutional actions by University Officials advances principles of constitutional governance. Additionally, the particular violation of the Constitution at issue in this case involves tuition, higher

education, Federalism, illegal immigration, and other issues that are important to YCT's mission.

13. Explain how an injunction against UNT officials will lower tuition costs, as alleged in paragraph 19 of your original petition.

    **RESPONSE:** It is undisputed that non-resident tuition is more expensive than resident tuition.

14. Explain how an injunction against UNT officials will expand access to the American dream for United States citizens, as alleged in paragraph 19 of your Original Petition.

    **RESPONSE:** The high cost of tuition is a major driver of student debt. The increased cost of public education places barriers on the ability of students to pursue their dreams. Moreover, a key facet of the American dream is to live in a country governed by laws, not men. The application of an unconstitutional law at a public university is therefore contrary to the American dream. Accordingly, enjoining UNT officials from enforcing an unconstitutional law that makes tuition more expensive for non-resident students advances the American dream.

15. Identify and explain all YCT organizational resources impacted by the application of Texas Education Code § 54.051(d) to your members, as described in paragraphs 1 and 19–22 of your Original Petition.

    **RESPONSE:** Plaintiff has amended its complaint to remove the allegations referenced in this request. No further response is required.

16. Explain how Plaintiff's "organizational efforts to combat the requirement for certain United States citizens to pay more in tuition than resident aliens who are not lawfully present in the United States has resulted in a drain on the organization's resources," as alleged in paragraph 21 of your Original Petition.

    **RESPONSE:** Plaintiff has amended its complaint to remove the allegations referenced in this request. No further response is required.

17. Identify in dollar amounts the organizational resources allocated for advocacy on policy related to higher education tuition, specifying the dollar amounts for each advocacy activity and/or expenditure.

    **RESPONSE:** Plaintiff has amended its complaint to remove the allegations referenced in this request. No further response is required.

18. Explain the basis for your contention that "Plaintiff's efforts to combat the requirement for certain United States citizens to pay more in tuition than resident aliens who are not lawfully present in the United States impose a unique injury on Plaintiff that is distinct from injuries suffered by the general public," as alleged in paragraph 22 of your Original Petition.

    **RESPONSE:** Plaintiff has amended its complaint to remove the allegations referenced in this request. No further response is required.

STATE OF TEXAS §
§
COUNTY OF Dallas §

## VERIFICATION

BEFORE ME, the undersigned authority, on this day personally appeared William C. Dominguez, who being by me duly sworn upon his oath deposed and said he has read the foregoing interrogatories and responses and that the statements contained therein are within his personal knowledge are true and correct.

WILLIAM C. DOMINGUEZ,
CHAIRMAN, YOUNG CONSERVATIVES OF TEXAS
BOARD MEMBER, YOUNG CONSERVATIVES OF TEXAS FOUNDATION

SUBSCRIBED AND SWORN TO BEFORE ME, Erika Rubalcava this 13th day of December, 2021, to certify which, witness my hand and seal of office.

NOTARY PUBLIC, STATE OF TEXAS



ERIKA PATRICIA RUBALCAVA
Notary ID #131743167
My Commission Expires
September 28, 2022