**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| YOUNG CONSERVATIVES OF TEXAS FOUNDATION | § § § | CIVIL ACTION NO. 4:20-CV-973 |
| v. | § § | Honorable Sean D. Jordan |
| THE UNIVERSITY OF NORTH TEXAS, THE UNIVERSITY OF NORTH TEXAS SYSTEM, NEAL SMATRESK, PRESIDENT OF THE UNIVERSITY OF NORTH TEXAS and SHANNON GOODMAN, VICE PRESIDENT FOR ENROLLMENT OF THE UNIVERSITY OF NORTH TEXAS; | § § § § § § § § § § § | |

**PROTECTIVE ORDER**

For good cause shown under Federal Rule of Civil Procedure 26(c), *see* (Dkt. #50), the

Court enters the following Protective Order:

**Proceedings and Information Governed.**

1.      This Order ("Protective Order") is made under Fed. R. Civ. P. 26(c). It governs any

document, information, or other thing furnished by any party to any other party, and it includes

any nonparty who receives a subpoena in connection with this action. The information protected

includes, but is not limited to: answers to interrogatories; answers to requests for admission;

responses to requests for production of documents; deposition transcripts and videotapes;

deposition exhibits; and other writings or things produced, given or filed in this action that are

designated by a party as "Confidential Outside Counsel Eyes Only Information" in accordance

with the terms of this Protective Order, as well as to any copies, excerpts, abstracts, analyses,

summaries, descriptions, or other forms of recorded information containing, reflecting, or

disclosing such information.

PROTECTIVE ORDER PAGE  1

**Designation and Maintenance of Information.**

2.     For purposes of this Protective Order, the Confidential Outside Counsel Eyes Only designation means that the document is comprised of information that the producing party deems especially sensitive, which may include, but is not limited to the identity of students, YCT members, or information that could lead to the identification of students or YCT members including, but not limited to, names, contact information, addresses, email addresses, course schedules, phone numbers, student numbers, etc.   This information will remain confidential, may only be viewed by UNT's outside counsel, and will not be shared with UNT, UNT staff, or UNT's in-house counsel.

3.     Documents and things produced during the course of this litigation within the scope of paragraph 2 above, may be designated by the producing party as containing Confidential Outside Counsel Eyes Only by conspicuously designating it as such.

4.     A party may designate information disclosed at a deposition as Confidential Outside Counsel Eyes Only by requesting the reporter to so designate the transcript or any portion of the transcript at the time of the deposition.   If no such designation is made at the time of the deposition, any party will have fourteen (14) calendar days after the date of the deposition to designate, in writing to the other parties and to the court reporter, whether the transcript is to be designated as Confidential Outside Counsel Eyes Only.   It is the responsibility of counsel for each party to maintain materials containing Confidential Outside Counsel Eyes Only in a secure manner and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Protective Order.

**Inadvertent Failure to Designate.**

PROTECTIVE ORDER PAGE  2

4.      The inadvertent failure to designate or withhold any information as confidential or privileged will not be deemed to waive a later claim as to its confidential or privileged nature, or to stop the producing party from designating such information as confidential at a later date in writing and with particularity. The information must be treated by the receiving party as confidential from the time the receiving party is notified in writing of the change in the designation.

### Challenge to Designations.

5.      A receiving party may challenge a producing party's designation at any time.   Any receiving party disagreeing with a designation may request in writing that the producing party change the designation.   The producing party will then have five (5) business days after receipt of a challenge notice to advise the receiving party whether or not it will change the designation.   If the parties are unable to reach agreement after the expiration of this five (5) business day time-frame, and after the conference required under LR 7. 1(a), the receiving party may at any time thereafter seek an order to alter the confidential status of the designated information.   Until any dispute under this paragraph is ruled upon by the presiding judge, the designation will remain in full force and effect, and the information will continue to be accorded the confidential treatment required by this Protective Order.

### Disclosure and Use of Confidential Information.

6.      Information designated as Confidential Outside Counsel Eyes Only may only be used for purposes of preparation, trial, and appeal of this action.

7.      To the extent discussion of Confidential Outside Counsel Eyes Only information is necessary for briefing, trial, or oral argument of this case, the name or other identifiable information of any student or YCT member will be redacted or presented pseudonymously to protect the identity of the student or YCT member.

PROTECTIVE ORDER PAGE  3

**No Prejudice.**

8.      Producing or receiving confidential information, or otherwise complying with the terms of this Protective Order, will not (a) prejudice the rights of a party to object to the production of information or material that the party does not consider to be within the scope of discovery; (b) prejudice the rights of a party to seek a determination by the presiding judge that particular materials be produced; (c) prejudice the rights of a party to apply to the presiding judge for further protective orders; or (d) prevent the parties from agreeing in writing to alter or waive the provisions or protections provided for in this Protective Order with respect to any particular information or material.

**Conclusion of Litigation.**

15.      Within sixty (60) calendar days after final judgment in this action, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this Protective Order is under an obligation to destroy or return to the producing party all materials and documents containing Confidential Outside Counsel Eyes Only Information, and to certify to the producing party that this destruction or return has been done.  However, outside counsel for any party is entitled to retain all court papers, trial transcripts, exhibits, and attorney work provided that any such materials are maintained and protected in accordance with the terms of this Protective Order.

**Other Proceedings.**

16.      By entering this Protective Order and limiting the disclosure of information in this case, the presiding judge does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this

PROTECTIVE ORDER PAGE  4

Protective   Order   who   may   be   subject   to   a   motion   to   disclose   another   party's information designated  Confidential  Outside  Counsel  Eyes  Only  pursuant  to  this  Protective Order  must promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

### Remedies.

17.     It is Ordered that this Protective Order will be enforced by the sanctions set forth in Fed. R. Civ. P. 37(b) and any other sanctions as may be  available to the presiding judge, including the power to hold parties or other violators of this Protective Order in contempt.   All other remedies available to any person injured by a violation of this Protective Order are fully reserved.

18.     Any party may petition the presiding judge for good cause shown if the party desires relief from a term or condition of this Protective Order.

**So ORDERED and SIGNED this 11th day of January, 2022.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE

PROTECTIVE ORDER PAGE  5