UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| YOUNG CONSERVATIVES OF TEXAS FOUNDATION § § § | |
| v. § | CIVIL NO. 4:20-CV-973-SDJ |
| § | |
| THE UNIVERSITY OF NORTH TEXAS, ET AL. § § § | |

# **ORDER**

Before the Court is Plaintiff Young Conservatives of Texas Foundation's Motion for Summary Judgment. (Dkt. #6). In support of the motion, Young Conservatives has filed redacted exhibits and additional attachments that conceal the identity of its members. (Dkt. #53-3); (Dkt. #53-4); (Dkt. #56); (Dkt. #57). Aside from the fact that these exhibits contain information that is subject to confidentiality designation under the protective order governing this case, Young Conservatives has offered no reason why this information should be sealed. That is problematic.

It is inappropriate to "presum[e] that whatever satisfies the lenient protective-order standard will necessarily satisfy the stringent sealing-order standard," *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 417–18 (5th Cir. 2021). That's because a strict balancing test applies to a sealing request once a document becomes a judicial record. *Id.* at 419. When deciding whether to seal judicial records, a court must "balance the public's common law right of access against the interests favoring nondisclosure." *Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 450 (5th Cir. 2019) (quoting *Sec. & Exch. Comm'n. v. Van Waeyenberghe*, 990 F.2d

845, 848 (5th Cir. 1993)). A "working presumption [] that judicial records should not be sealed" is the starting point. *Id.* The Fifth Circuit "has not assigned a particular weight to the presumption" or "interpreted the presumption in favor of access as creating a burden of proof." *Bradley ex rel. AJW v. Ackal*, 954 F.3d 216, 225 (5th Cir. 2020). But the presumption can, by itself, outweigh any interest favoring nondisclosure. *Id.* at 233.

Young Conservatives has not acknowledged, much less addressed, either the presumption of the public's right of access to information in judicial records or the stringent sealing-order standard. Rather than explain why each exhibit at issue meets that standard, Young Conservatives appears to suggest that the identities of its members need not be disclosed because such information is covered by a protective order. Considering the public's right of access to inspect judicial records and the presumption in favor of disclosure, that will not do. Nonetheless, recognizing the sensitivity of information involved in this case, the Court will allow Young Conservatives to file a motion to seal in accordance with Local Rule CV-5(a)(7).

It is therefore **ORDERED** that the redacted exhibits and additional attachments filed in support of Young Conservatives' motion for summary judgment, (Dkt. #53-3); (Dkt. #53-4); (Dkt. #56); (Dkt. #57), shall remain on file up to and including **March 3, 2022**. If a motion to seal is not filed by that time, the Court may order that these documents be struck from the record. To be clear, the motion to seal should indicate whether Defendants are opposed to the request.

**So ORDERED and SIGNED this 24th day of February, 2022.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE