# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| YOUNG CONSERVATIVES OF TEXAS FOUNDATION §<br>§<br>*Plaintiff*, §<br>§<br>v. §<br>§<br>THE UNIVERSITY OF NORTH TEXAS, THE §<br>UNIVERSITY OF NORTH TEXAS SYSTEM, §<br>NEAL SMATRESK, PRESIDENT OF THE §<br>UNIVERSITY OF NORTH TEXAS and §<br>SHANNON GOODMAN, VICE PRESIDENT §<br>FOR ENROLLMENT OF THE UNIVERSITY §<br>OF NORTH TEXAS; §<br>*Defendants*. § | CIVIL ACTION NO. 4:20-CV-973<br><br>JUDGE SEAN D. JORDAN |

## PLAINTIFF'S UNOPPOSED MOTION TO SEAL DOCUMENTS

In response to this Court's Order (Dkt # 60), Plaintiff, the Young Conservatives of Texas Foundation ("YCT"), files this unopposed motion to seal documents. YCT has conferred with Defendants ("UNT") and UNT does not oppose this motion.

## STATEMENT OF FACTS

This case involves a constitutional challenge to certain tuition practices at UNT. YCT, who has members subject to these tuition practices, sued to have these practices enjoined.

On November 12, 2021, UNT sent discovery requests asking for names and contact information of YCT members who have been subject to the challenged tuition practices at UNT. Because YCT believes such broad disclosure of membership information violates the First Amendment, and because YCT members have received threats of violence and other retaliation for their association with YCT in the past, YCT moved for a protective order to ensure that any member names disclosed in discovery would not be made public. Dkt #44.

After briefing from both sides, this Court agreed that UNT's requests implicated the First Amendment and entered a protective order. Dkt #50, p. 3. Among other things, that order specifically states that "[t]o the extent discussion of Confidential Outside Counsel Eyes Only information is necessary for briefing, trial, or oral argument of this case, the name or other identifiable information of any student or YCT member will be redacted or presented pseudonymously to protect the identity of the student or YCT member." Dkt #51, p. 3.

In a good-faith attempt to comply with this Court's protective order, YCT redacted the names of two student members who provided declarations used in filings in this case. Dkt #53-3; Dkt #53-4; Dkt #56; Dkt #57. Those declarations were provided in unredacted form to opposing counsel prior to filing. Other exhibits not subject to the protective order—such as a declaration from YCT's Chairman—were not redacted or filed under seal. Likewise, YCT did not request that any of the pleadings or the unredacted declarations be filed under seal.

On February 24, 2022, this Court entered an order explaining that even when a protective order is on file, a request to seal documents must be accompanied with a motion establishing that the request to seal meets the standard for sealing documents. Dkt #60. The Court then graciously granted YCT permission to file this motion. *Id*.

The parties conferred and UNT does not oppose YCT's redaction of its student declarations or this motion to seal seal in order to protect the two students' identities.

**ARGUMENT**

As this Court rightly notes, there is a "working presumption that judicial records should not be sealed" Dkt # 60, p. 2. However, this presumption "is not absolute." *Bradley v. Ackal*, 954 F.3d 216, 225 (5th Cir. 2020). "[L]itigants sometimes have good reasons to file documents (or portions of them) under seal, such as protecting trade secrets or the identities of confidential

2

informants." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021). Likewise, sealing may be proper when the disclosure of otherwise private information "might…become a vehicle for improper purposes" *Bradley*, 954 F.3d at 225 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). Courts reviewing a motion to seal must therefore "balance the public's common law right of access against the interests favoring nondisclosure." *Id*. This balancing must necessarily turn on the "relevant facts and circumstances of the particular case" *Id*.

Here, the balance tips in favor of nondisclosure. First, the privacy interest of YCT and its members is significant. As this Court has already recognized, public disclosure of YCT membership information implicates the First Amendment. Dkt #50, p. 3. Moreover, YCT has made a plausible case that public disclosure of its membership information would chill associational rights because YCT "members of its University of North Texas Chapter have been harassed and threatened with physical violence due to their associational affiliation." *Id*. at p. 6. Indeed, YCT fought hard to ensure that its membership information was not made public in this case, precisely because its members had significant concerns about retaliation.

Second, YCT's requested redactions are narrowly tailored to serve this compelling First Amendment interest. YCT seeks to exclude *solely the names* of two of its student members, neither of which are named parties in this case. Courts in similar circumstances have found redaction and sealing proper, even when opposed by the other side. *See, e.g.*, *Perez v. Abbott*, 253 F. Supp. 3d 864, 934 (W.D. Tex. 2017) ("First Amendment and privacy concerns about releasing member information" were sufficient to justify sealing exhibits produced to establish associational standing); *Students for Fair Admissions*, *Inc. v. Univ. of N.C.*, No. 1:14CV954, 2018 U.S. Dist. LEXIS 168636, at *20 (M.D.N.C. Sep. 29, 2018) (same).

3

The district court's decision in *Students for Fair Admissions*, 2018 U.S. Dist. LEXIS 168636, at *20 is instructive. In that case, a student advocacy group challenged the constitutionality of a university's admissions policies. Like this case, the University challenged the group's standing. Like this case, the group produced declarations from several members who had been injured by the challenged policy. *Id*. at *15. And like this case, the group requested that those declarations be filed under seal because disclosure of the identity of its members would implicate the First Amendment and "could subject [these individuals] to harassment and even threats of physical violence." *Id*. at *17, 20. The Court concluded that these interests were sufficient to justify sealing the declarations and protecting the members' identities. *Id*. The same principle applies here.

Finally, the public has little to no interest in this limited information. Every pleading in this case along with all other evidence is a matter of public record. YCT seeks to exclude solely the names of two of its student members, neither of which are named parties in this case. As the Fifth Circuit has recognized, when members are not themselves named parties and do not seek monetary relief, it is unclear what relevance exists in the production of these names. *Familias Unidas v. Briscoe*, 544 F.2d 182, 192 (5th Cir. 1976).

Accordingly, given (1) the lack of public interest in the disclosure of non-party names, (2) the significant impact to YCT's First Amendment rights, and (3) the risk to YCT members from disclosure, YCT's limited request for redaction and sealing here is proper.

## CONCLUSION

For the forgoing reasons, YCT respectfully requests that this motion to be seal be granted, that the redacted declarations (Dkt #53-3; Dkt #53-4; Dkt #56; Dkt #57) be included in the public record; and that any non-redacted versions of those declarations provided to this Court remain confidential.

Respectfully submitted,

/s/Chance Weldon
CHANCE WELDON
Texas Bar No. 24076767
cweldon@texaspolicy.com
ROBERT HENNEKE
Texas Bar No. 24046058
rhenneke@texaspolicy.com
CHRISTIAN TOWNSEND
Texas Bar No. 24127538
ctownsend@texaspolicy.com
TEXAS PUBLIC POLICY FOUNDATION
901 Congress Avenue
Austin, Texas 78701
Telephone:    (512) 472-2700
Facsimile:    (512) 472-2728

*Attorneys for Plaintiff*

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(h) and (i), I certify that I have conferred via email with Sandy Hellums-Gomez, attorney for Defendants and on February 24, 2022, she stated that Defendants are unopposed to this motion.

/s/Chance Weldon
CHANCE WELDON

**CERTIFICATE OF SERVICE**

  I hereby certify that the foregoing document was electronically filed on February 25, 2022, with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                 */s/Chance Weldon*
                 CHANCE WELDON