UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| YOUNG CONSERVATIVES OF TEXAS FOUNDATION § § § | |
| v. § | CIVIL NO. 4:20-CV-973-SDJ |
| § | |
| THE UNIVERSITY OF NORTH TEXAS, ET AL. § § § | |

## ORDER

Before the Court is Plaintiff Young Conservatives of Texas Foundation's Unopposed Motion to Seal Documents. (Dkt. #61). In support of its pending motion for summary judgment, Young Conservatives has filed redacted declarations that conceal the names of its members. (Dkt #53-3; Dkt #53-4; Dkt #56; Dkt #57). Young Conservatives requests that the redacted declarations be included in the public record and that any non-redacted versions of the declarations provided to this Court remain confidential.

The decision of whether to seal judicial records, unseal but redact them, or unseal them completely is "left to the discretion of the district court, upon the court's consideration of the 'relevant facts and circumstances of the particular case.'" *United States v. Sealed Search Warrants*, 868 F.3d 385, 390 (5th Cir. 2017) (quoting *Nixon v. Warner Comm'cns, Inc.*, 435 U.S. 589, 599, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978)). When exercising this discretion, the court must "balance the public's common law right of access against the interests favoring nondisclosure." *Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 450 (5th Cir. 2019) (quoting *Sec. &*

1

*Exch. Comm'n.* v. *Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993)). A presumption in favor of the public's access to judicial records is the starting point. *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021). The Fifth Circuit "has not assigned a particular weight to the presumption" nor "interpreted the presumption in favor of access as creating a burden of proof." *Bradley ex rel. AJW v. Ackal*, 954 F.3d 216, 225 (5th Cir. 2020). But the presumption of the public's right of access can, by itself, outweigh any interest favoring nondisclosure. *Id.* at 233.

Here, considering the public's right of access to inspect judicial records and the presumption in favor of disclosure, the Court finds sufficient reasons to grant Young Conservatives' request to maintain the confidentiality of the names of a few of its members. As this Court has already recognized, public disclosure of the names of members in Young Conservatives' University of North Texas Chapter presents valid privacy concerns and implicates First Amendment rights. (Dkt. #50). Additionally, Young Conservatives seeks to exclude only the names of three of its members, none of which are named parties in this action. Thus, the public can access all available information about this case apart from the names of these three individuals. For these reasons, the interests in keeping the identifying information at issue private outweighs the public's interests in disclosure.

It is therefore **ORDERED** that Young Conservatives' Unopposed Motion to Seal Documents, (Dkt. #61), is **GRANTED**. The redacted declarations filed in support of Young Conservatives' motion for summary judgment, (Dkt. #53-3); (Dkt. #53-4);

(Dkt. #57), shall remain on file. And any non-redacted versions of these documents provided to the Court shall remain under seal.

It is further **ORDERED** that Young Conservatives shall file unredacted versions of the declarations at issue, (Dkt. #53-3); (Dkt. #53-4); and (Dkt. #57), under seal.[1]

**So ORDERED and SIGNED this 28th day of February, 2022.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE

---

[1] It appears that Young Conservatives attempted to file an unredacted version of one of the declarations under seal. (Dkt. #56). But this filing only contains the cover page to the exhibit, not the declaration itself.

3