**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| YOUNG CONSERVATIVES OF TEXAS FOUNDATION | § | |
| *Plaintiff*, | § | |
| | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 4:20-CV-973 |
| THE UNIVERSITY OF NORTH TEXAS, THE | § | JUDGE SEAN D. JORDAN |
| UNIVERSITY OF NORTH TEXAS SYSTEM, | § | |
| NEAL SMATRESK, PRESIDENT OF THE | § | |
| UNIVERSITY OF NORTH TEXAS and | § | |
| SHANNON GOODMAN, VICE PRESIDENT | § | |
| FOR ENROLLMENT OF THE UNIVERSITY | § | |
| OF NORTH TEXAS; | § | |
| *Defendants*. | § | |

**PLAINTIFF'S SUR-REPLY IN OPPOSITION TO DEFENDANTS' MOTION TO STAY
THIS COURT'S PERMANENT INJUNCTION PENDING APPEAL**

TO THE HONORABLE SEAN D. JORDAN:

Plaintiff the Young Conservatives of Texas Foundation ("YCT") files this sur-reply to briefly address two arguments raised in Defendants' (collectively "UNT's") reply in support of its motion to stay this Court's permanent injunction pending appeal.

**I.      THIS COURT DID NOT REWRITE SECTION 1623 BY APPLYING THE RULES OF FORMAL LOGIC TO THE STATUTORY TEXT**

First, UNT claims Section 1623 does not "grant rights." ECF 73, Page ID #: 1265.  This is technically true, but irrelevant.  Section 1623 does not *by itself* mandate anything.  Instead, as this Court rightly held, Section 1623 merely creates a conditional: *if* a benefit is provided to an unlawfully present alien on the basis of residence, *then* that benefit must also be provided to United States citizens, regardless of residence.  ECF 64, Page ID #: 1171.  Or, to put it symbolically, "if A, then B."  Here, Texas law makes aliens eligible for resident tuition, therefore, it must also make United States citizens eligible for resident tuition, regardless of residence.

UNT objects to this Court's framing.  UNT notes that the text of Section 1623 provides that "certain aliens 'shall not be eligible' for benefits, 'unless' a U.S. citizen also 'is eligible.'"  Or, to put it symbolically, "not A, *unless* B."  ECF 73, Page ID #: 1265-66.

Again, this is technically true—*i.e.*, Section 1623 is written as an "unless" statement—but that does not refute this Court's framing of the statute as an "if A, then B" conditional.  As anyone who has taken the LSAT *should* know, "not A, unless B" is logically equivalent to "if A, then B."[1] UNT has never provided any reason why the rules of formal logic cannot be applied to statutes. See, *State v. Yusuf*, No. 82166-1-I, 2022 Wash. App. LEXIS 992, at *8 n.32 (Ct. App. May 9, 2022) ("the rules of formal logic must  be applied within  the  context  of  the statute to  clarify  a drafter's intent based upon the language used.").  UNT's argument therefore fails.

## II.    YCT IS NOT REQUIRED TO PROVE IRREPERABLE HARM IN ORDER TO OPPOSE A STAY

Second UNT falsely claims that YCT does not deny that its members are potentially eligible to receive unlawfully paid tuition back under Tex. Gov't Code § 403.202.  ECF 73, Page ID #: 1268-69.  But YCT addressed this argument directly in its response.  ECF 72 Page ID #: 1259; *id*. at n. 6.

Even if this were not the case, UNT's argument fails.  First, the alleged existence of an administrative mechanism to recover unlawfully paid tuition after the fact would only be relevant to determine whether YCT's members' injuries were "irreparable."  But a non-movant's injuries need not be irreparable to justify opposing a stay, they need only be "substantial."  See, *Barber v.*

---

[1]     *See*,         https://www.alphascore.com/post/quick-lsat-tip-unless-statements-simplified. Indeed, UNT unwittingly admits that the statements are equivalent. UNT claims that Section 1623 could "logically" be read as "if a U.S. citizen is ineligible, so is an alien." ECF 73, Page ID #: 1265.  Or, to put it symbolically, "if not B, then not A."  But that is just the contrapositive of this Court's "if A, then B" framing of the statute. https://lsatmarathon.com/contrapositive-lesson/.

*Bryant*, 833 F.3d 510, 511 (5th Cir. 2016) (court must consider "whether issuance of the stay will substantially injure the other parties interested in the proceeding."). UNT has never even attempted to show that paying unconstitutional tuition rates nine-times greater than those allowed by law is not a substantial injury.

Second, UNT has never established that the administrative remedies available under Tex. Gov't Code § 403.202 even apply to unlawfully paid tuition or would provide any relief the YCT's members. Indeed, UNT did not even mention Tex. Gov't Code § 403.202 until the eleventh hour, in its motion to stay this Court's final judgment. Because UNT bears the burden of proving each element of its stay motion, its unsupported eleventh-hour hypothetical that maybe YCT's members could get some financial relief after the fact, after going through a costly administrative process, is not sufficient to warrant a stay.

Respectfully submitted,

*/s/Chance Weldon*
ROBERT HENNEKE
Texas Bar No. 24046058
rhenneke@texaspolicy.com
CHANCE WELDON
Texas Bar No. 24076767
cweldon@texaspolicy.com
CHRISTIAN TOWNSEND
Texas Bar No. 24127538
ctownsend@texaspolicy.com
TEXAS PUBLIC POLICY FOUNDATION
901 Congress Avenue
Austin, Texas 78701
Telephone:     (512) 472-2700
Facsimile:     (512) 472-2728

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was electronically filed on June 2, 2022, with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/Chance Weldon_____
CHANCE WELDON